DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Sunnywood Land Development, Inc., appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On April 18, 2003, Appellees, Bill and Sue Bennett, entered into an agreement ("Agreement") with Appellant, whereby Appellant agreed to provide landscape, construction and concrete installation services at Appellees' home. The Agreement, which was prepared by Appellant, contained an arbitration clause.
The Agreement also contained a one year warranty which provided as follows: *Page 2 
 "All landscape construction shall be guaranteed for a period of one (1) year from installation. Warranty shall cover labor and materials but shall not cover normal reactions of materials such as line cracks, spaulding, or discoloration of concrete products or checking or warping of wood productions."
The contract price was approximately $190,000. After change orders and other modifications, Appellees paid Appellant approximately $194,000 for the landscape improvements.
 {¶ 3} Appellees' property slopes from the back of the home downward toward a ravine at the backside of the property. The ravine culminates in a free-flowing stream. There is a significant drop-off between the back portion of the lot and the stream below. In this area, Appellant constructed a deck, retaining wall, fabricated fire pit and lighted steps. The cost of the construction in the rear lot was approximately $38,000. Appellant completed the project in the fall of 2004. Almost immediately thereafter, Appellees began experiencing problems with the rear lot construction. Appellees presented a warranty claim to Appellant within the one year time frame required under the Agreement. Appellant attempted to remedy the problem but was ultimately unsuccessful. Appellant informed Appellees that it would not do any further work on the rear lot improvements.
 {¶ 4} Appellees sought recovery for their damages through arbitration.1 An arbitration hearing was held on October 28, 2004 before Mark Amaddio, who was selected by Appellees. Mr. Amaddio rendered an award in favor of *Page 3 
Appellees. Thereafter, Appellees filed a petition to reduce the arbitration award to judgment and Appellant filed a motion to vacate, modify and/or correct the award. The magistrate held a hearing on the motions and rendered a decision on October 12, 2005. The magistrate found that Appellees had made a proper demand for arbitration but that the notice of the arbitration hearing was defective. On October 28, 2005, the trial court referred the matter "back to arbitration for a hearing before a single arbitrator to be chosen by the Plaintiffs, with proper notice to the Defendant." See Case No. 05 CIV 0096. Neither party appealed this decision.
 {¶ 5} On November 4, 2005, Mr. Amaddio sent the parties a notice that he would serve as the arbitrator at the second arbitration hearing, scheduled for November 21, 2005. On November 10, 2005, Appellant filed three motions including (1) a motion for continuance of the arbitration hearing, (2) a motion to disqualify Mr. Amaddio as arbitrator, and (3) a motion for leave to conduct discovery. On November 14, 2005, Mr. Amaddio summarily denied Appellant's motions. The arbitration was later rescheduled for December 8, 2005.
 {¶ 6} Mr. Amaddio held the second arbitration on December 8, 2005. The arbitration proceedings were neither recorded nor transcribed. Consequently, there is no transcript of the arbitration proceedings. On December 19, 2005, Mr. Amaddio issued an award in favor of Appellees in the amount of $134,440.87. Appellees then filed a petition to reduce the arbitration award to judgment.
We have limited facts before us regarding the initial arbitration. *Page 4 
Appellant filed a motion to vacate, modify and/or correct the award. The magistrate held a hearing on the parties' motions on July 6, 2006. On July 7, 2006, the magistrate entered an order denying Appellant's motion and granting Appellees' motion. Accordingly, the magistrate granted judgment in favor of Appellees against Appellant in the amount of $134,440.87, plus statutory interest from the date of judgment.
 {¶ 7} On August 4, 2006, Appellant filed objections to the magistrate's decision. The trial court held a hearing on Appellant's objections on August 30, 2006. The trial court entered an order on August 30, 2006, overruling Appellant's objections, affirming the magistrate's decision in full and granting judgment in favor of Appellees in the amount of $134,440.87, plus interest. Appellant timely appealed the trial court's order, raising eight assignments of error for our review. We have combined some of Appellant's assignments of error to facilitate our review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED BY NOT FINDING THE ARBITRATION AWARD AGAINST [APPELLANT] VOID FOR LACK OF JURISDICTION OR QUALIFICATION OF THE ARBITRATOR."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED BY NOT FINDING THE ARBITRATION AWARD AGAINST [APPELLANT] VOID FOR LACK OF A PROPER DEMAND FOR ARBITRATION." *Page 5 
 {¶ 8} In its first assignment of error, Appellant argues that the trial court erred by not finding the arbitration award void for lack of jurisdiction or qualification of the arbitrator. In Appellant's second assignment of error, Appellant contends that the trial court erred by not finding the arbitration award against Appellees void for lack of a proper demand for arbitration. We disagree.
 {¶ 9} Ohio courts give deference to arbitration awards and presume they are valid. Findlay City School Dist. Bd. of Edn. v. Findlay Edn.Assn. (1990), 49 Ohio St.3d 129, paragraph one of the syllabus, superseded by statute on other grounds (1991), 61 Ohio St.3d 658. See, also, Gingrich v. Wooster (Jan. 10, 2001), 9th Dist. No. 00CA0032, at *5. When parties agree to binding arbitration, they agree to accept the result and may not relitigate the facts as found by the arbitrator. Id.
 {¶ 10} A trial court's ability to review an arbitration award is governed by R.C. 2711. Warren Edn. Assn. v. Warren City Bd. of Edn.
(1985), 18 Ohio St.3d 170, 173. A trial court's review is limited as it is precluded from reviewing the actual merits upon which the award was based. Ford Hull-Mar Nursing Home, Inc. v. Marr, Knapp, Crawfls Assoc,Inc. (2000), 138 Ohio App.3d 174, 179. However, under R.C. 2711.10, the trial court may vacate an award if any party to the arbitration demonstrates that *Page 6 
 "(A) The award was procured by corruption, fraud, or undue means.
 "(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.
 "(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
 "(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."
 {¶ 11} This Court has previously explained that "[m]ere error in the interpretation or application of the law will not suffice [to vacate an arbitration award]. The arbitrators' decision must `fly in the face of clearly established legal precedent' to support a vacation of the award." Automated Tracking Systems, Inc. v. Great Am. Ins. Co. (1998),130 Ohio App.3d 238, 244, quoting Merrill Lynch, Pierce, Fenner Smith,Inc. v. Jaros (C.A.6, 1995), 70 F.3d 418, 421. See, also,Communication Workers of Am., Local #4546 v. Summit Cty. Children Servs.Bd. (Mar. 31, 1999), 9th Dist. No. 19122, at *2.
 {¶ 12} An appeal may be taken from a trial court order that confirms, modifies, corrects, or vacates an arbitration award. Warren Edn.Assn., 18 Ohio St.3d at 173-74, quoting Lockhart v. American Res. Ins.Co. (1981), 2 Ohio App.3d 99, 101. However, an appellate court may only review the lower court's order to discern whether an error occurred as a matter of law. Union Twp. Bd. of Trustees v. Fraternal Order of Police,Ohio Valley Lodge No. 112, *Page 7 146 Ohio App.3d 456, 459, citing McFaul v. UAW Region 2 (1998),130 Ohio App.3d 111, 115. Our review is limited to the order. Lockhart,2 Ohio App.3d at 101. "The original arbitration proceedings are not reviewable." Id. "[T]he arbitrator is the final judge of both law and facts, and * * * an award will not be set aside except upon a clear showing of fraud, misconduct or some other irregularity rendering the award unjust, inequitable, or unconscionable." Goodyear Tire Rubber Co v. LocalUnion No. 200, United Rubber, Cork, Linoleum Plastic Workers ofAm. (1975), 42 Ohio St.2d 516, 522. .
 {¶ 13} The Agreement states that "[a]ny controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration upon written demand of either party, delivered to the other at his place of business." The Agreement additionally provides that "[t]he Board of Arbitration shall consist of three men experienced in the business trades, one to be named in the demand by the party making the demand, one by the other party within five days thereafter and the third by these two within three days thereafter; these arbitrators to have plenary power and the decision of any two of them to be conclusive and binding on both parties to this contract."
 {¶ 14} Further, the Agreement states:
 "Neglect of either party to such dispute to appoint an arbitrator within five days after such demand for arbitration has been delivered shall operate as a waiver on his part of the right to have other arbitrators appointed; and the question shall thereupon be decided by the arbitrator named in the demand for arbitration, whose decision shall be conclusive and binding on both parties to this contract." *Page 8 
The Agreement then sets forth the following limiting provision:
 "The power of any Board of Arbitration shall be limited to fifteen (15) calendar days after the appointment of the second member thereof; unless extended by consent of both parties in writing, and should any such Board fail to make its award within said time a new Board may be appointed as above provided but no person shall be qualified to sit on more than one Board of Arbitration to consider the same question."
 {¶ 15} Appellant first contends that the trial court erred in failing to find that the arbitrator exceeded his authority and lacked jurisdiction to render an award pursuant to the explicit terms of the arbitration clause. Appellant points to the section of the arbitration clause that states that "[t]he power of any Board of Arbitration shall be limited to fifteen (15) calendar days after the appointment of the second member thereof and "should any such Board fail to make its award within said time, a new Board may be appointed[.]" According to Appellant, although it did not select a second arbitrator, this time limit should nonetheless apply. Under Appellant's calculations, if the time limit commenced as of the date of appointment of the first arbitrator, the arbitrator was expressly limited from acting in this matter after 15 days.
 {¶ 16} Appellant contends that even assuming, arguendo, Mr. Amaddio was appointed on November 4, 2005, the date of the notice of arbitration hearing, his authority expired before the original hearing date of November 21, 2005 (the hearing was later continued by counsel until December 8, 2005). Under his *Page 9 
reasoning, Mr. Amaddio's authority and jurisdiction expired before the hearing and the award was, therefore, void.
 {¶ 17} Appellant additionally argues that Mr. Amaddio was specifically prohibited from acting in the second proceeding because he was precluded under the arbitration clause from sitting "on more than one Board of Arbitration to consider the same question."
 {¶ 18} Upon review of the arbitration clause, we agree with the magistrate's finding that the clause created two separate procedural methods for arbitration. There is no limiting language in the single sentence discussing arbitration by a single arbitrator in cases where the opposing party neglects to respond to the demand for arbitration. We read the Agreement as setting forth two separate and unique procedural methods for arbitration. The first procedure involves arbitration before a board of arbitration. This procedure applies when both parties participate in selecting arbitrators. The second procedure involves arbitration before a single arbitrator. This procedure applies when one side has failed to participate by failing to timely select its board appointee.
 {¶ 19} The fifteen day limitation and the prohibition from sitting on more than one board are indicated only in those sentences of the arbitration clause specifically referring to arbitration by a "Board of Arbitrators." It is well-established that contractual language if ambiguous will be construed against the drafter. McKay Machine Co. v.Rodman (1967), 11 Ohio St.2d 77, 80. Appellant *Page 10 
drafted the Agreement. Had Appellant intended to make these provisions applicable when there was only one arbitrator, it could have included such provisions in the section discussing arbitration by a single arbitrator. Consequently, we find these limitations inapplicable to arbitration before a single arbitrator.
Res Judicata
 {¶ 20} Appellant additionally argues that the arbitrator was not qualified to arbitrate the dispute and that Appellees failed to properly demand arbitration. For the reasons set forth below, we find that these arguments are barred by res judicata.
 {¶ 21} This Court has stated that "[t]he doctrine of res judicata provides that `[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" Perrine v. Patterson, 9th Dist. No. 22993, 2006-Ohio-2559, at ¶ 22, quoting Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus. Further, application of res judicata requires "`that the identical cause of action shall have been previously adjudicated in a proceeding with the same parties or their privities in the first action, and the party against whom the doctrine is sought to be imposed shall have had a full and fair opportunity to litigate the claim.'" Business Data Systems,Inc. v. Figetakis, 9th Dist. No. 22783, *Page 11 2006-Ohio-1036, at ¶ 11, quoting Brown v. Vaniman (Aug. 20, 1999), 2d Dist. No. 17503.
 {¶ 22} The record reflects that Appellant raised the lack of proper demand of arbitration in its motion to vacate, modify and/or correct the first arbitration award. Upon review, the magistrate found that Appellees had properly invoked their right to proceed to arbitration. The trial court adopted and affirmed this finding. We find that Appellees were not required to issue a second demand for arbitration after the trial court referred the matter back to arbitration. Appellees had already invoked the arbitration process. A second demand would have been futile. As Appellant had a full and fair opportunity to challenge Appellees' demand of arbitration in the first proceeding against these same Appellees, we find that this argument is barred by res judicata.Brown, 89 Ohio St.3d at 247.
 {¶ 23} We reach a similar conclusion with regard to Appellant's challenge to Mr. Amaddio's qualifications. Here, Mr. Amaddio served as the arbitrator for both arbitration hearings. The record indicates that Appellant did not object to Mr. Amaddio's qualifications in the first matter. The magistrate's decision from the first matter demonstrates that he found that "[t]he Defendant waived his right to pick a second arbitrator" and further, that "[u]nder the terms of the parties' arbitration agreement, it is proper for this matter to be arbitrated by one arbitrator chosen by [Appellees]." The record reflects that Appellant did not raise any objections to the magistrate's decision ("No objections having been filed"). *Page 12 
Further, in the trial court's October 28, 2005 judgment entry from the first case, the court adopted and affirmed the magistrate's decision. The entry stated that "[t]his matter is referred back to arbitration for a hearing before a single arbitrator to be chosen by [Appellees], with proper notice to [Appellant]." The trial court's October 28, 2005 order was final and appealable, yet neither party appealed from that order. See Warren Edn. Assn., 18 Ohio St.3d at 173-74. Rather, Appellant did not raise this argument until after notice of the second arbitration was filed.
 {¶ 24} There is no dispute that the parties and cause of action from the first action are identical in the second action. Appellant had the opportunity in the first action to challenge Mr. Amaddio's qualifications, the trial court's finding that it had waived the right to select an arbitrator and the trial court's finding that Appellees were charged with selecting the arbitrator. It failed to do so. Accordingly, we find that this argument is barred by res judicata.
 {¶ 25} Appellant contends that Appellees failed to timely raise the res judicata defense. However, the record reflects that Appellees timely raised res judicata at the July 6, 2006 hearing before the magistrate. See Magistrate's Hearing, p. 51 (Appellees asserted that "this Court has already found that the Demand for Arbitration was properly made in the previous case, Case Number 05 0096, and that [Appellant] waived its right to appoint its own arbitrator. I believe that is the law of this case and res judicata with respect to the argument raised by [Appellant]"). *Page 13 
 {¶ 26} Appellant's first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED BY NOT ADMITTING OR CONSIDERING EVIDENCE ESTABLISHING THE ARBITRATION AWARD AGAINST [APPELLANT] SHOULD BE VACATED PURSUANT TO R.C. § 2711.10(C) OR FOR GROSS PROCEDURAL IMPROPRIETY."
 {¶ 27} In Appellant's third assignment of error, it contends that the trial court erred in failing to admit or consider evidence establishing that the arbitration award against Appellant should be vacated pursuant to R.C. 2711.10(C) or for gross procedural impropriety. We disagree.
 {¶ 28} R.C. 2711.10(C) provides, in part, that
 "the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
 "(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced."
 {¶ 29} Addressing this same standard under the federal statute, the First Circuit Court of Appeals has held:
 "The arbitrator is the judge of the admissibility and relevancy of evidence submitted in an arbitration proceeding. The arbitrator is not bound to hear all of the evidence tendered by the parties; however, he must give each of the parties to the dispute an adequate opportunity to present its evidence and arguments. * * *
 "Every failure of an arbitrator to receive relevant evidence does not constitute misconduct requiring vacatur of an arbitrator's award. A * * * court may vacate an arbitrator's award only if the arbitrator's refusal to hear pertinent and material evidence prejudices the rights *Page 14 
of the parties to the arbitration proceedings. An arbitration award must not be set aside for the arbitrator's refusal to hear evidence that is cumulative or irrelevant. Vacatur is appropriate only when the exclusion of relevant evidence so affects the rights of a party that it may be said that he was deprived of a fair hearing." (Citations omitted.) Hoteles Condado Beach, La Concha and Convention Ctr. v. Union De Tronquistas Local 901 (C.A.1 1985), 763 F.2d 34, 39-40.
 {¶ 30} Appellant contends that the magistrate erred by not allowing the introduction into evidence of certain exhibits tending to show that the award should be vacated. These exhibits consist of Appellant's motion for continuance, motion to disqualify the arbitrator, motion for leave to conduct discovery, the letter from the arbitrator summarily denying these motions and the rules of arbitration. Appellant further argues that the magistrate erred in "prohibiting Mr. Campbell [from testifying] as to certain matters going to these issues."
 {¶ 31} Appellant has failed to meet its burden of demonstrating that the magistrate erred as a matter of law in failing to admit this evidence and testimony. Union Twp. Bd. of Trustees,146 Ohio App.3d at 459 (explaining that "[appellate review of arbitration proceedings is confined to an evaluation of the order issued by the [trial court] pursuant to R.C. 2711" and that "[t]he standard of review on this appeal is whether the [trial] court below erred as a matter of law"). Appellant merely reiterates that the documents the magistrate refused to admit concerned procedural, not substantive issues, which demonstrate gross procedural irregularities. "If an argument exists that can support [Appellant's contentions], it is not this court's duty to root it out."Cardone v. Cardone (May 6, 1998), *Page 15 
9th Dist. No. 18349, at *8. Without more, we cannot find that the magistrate erred in failing to admit this evidence and testimony.
 {¶ 32} Appellant's remaining challenges concern Mr. Amaddio's actions or inactions while acting as an arbitrator. While Appellant was not required to supply a verbatim transcript of the arbitration hearing, our review is limited by the absence thereof. Without a transcript of the arbitration proceedings, we are unable to address Appellant's challenges to Mr. Amaddio's decision to allow certain testimony, as we are unable to confirm that the witness testified in this regard. We are unable to address the challenges to the arbitrator's decision to apply a Cuyahoga County Court of Common Pleas Local Rule or to allow the submission of estimates by Baker Landscaping and Campbell Construction where we cannot confirm whether representatives of either company were present at the arbitration hearing to testify.
 {¶ 33} Appellant additionally challenges Mr. Amaddio's admission of Bill Sliwinski's expert report regarding the subsoil conditions in the lower yard. Appellant contends that the arbitrator erred in admitting this report because it is undisputed that Mr. Sliwinski did not visit Appellees' home before preparing the report, even though the report states it is "[b]ased upon visual inspection[.]" Appellant also contends that Mr. Amaddio erred in failing to allow it leave to obtain an expert report and in denying its motions to continue arbitration, for leave to conduct discovery, and for disqualification of the arbitrator. *Page 16 
 {¶ 34} Appellant has failed to meet his burden of demonstrating "a clear showing of fraud, misconduct or some other irregularity rendering the award unjust, inequitable, or unconscionable." Goodyear Tire Rubber Co., 42 Ohio St.2d at 522. Moreover, in arbitration proceedings, "everything relevant is admitted and given value according to its reliability and significance." Cleveland v. AFSCME, Local 100 (Aug. 5, 1999), 8th Dist. No. 74467, at *4. Here, the arbitrator found the expert report from Mr. Sliwinski, a professional engineer, relevant. "This is consistent with the fact that rules of evidence are relaxed in an arbitration proceeding." Id., citing Alexander v. Gardner-Denver Co.(19 74), 415 U.S. 36, 57-58; Youghiogheny v. Ohio Coal Co. (1986),23 Ohio St.3d 39, 44.
 {¶ 35} We find no error in the trial court's decisions regarding Mr. Amaddio's admission of this evidence or his decisions regarding Appellant's motions for leave to obtain an expert report and for leave to conduct discovery. The record reflects that the trial court ordered a new arbitration hearing on October 28, 2005. This arbitration hearing was held on December 8, 2005. Accordingly, Appellant had approximately six weeks to conduct discovery and obtain an expert report. Moreover, without a transcript of the arbitration proceedings, we are unable to determine whether Appellant properly preserved these arguments by raising them at the arbitration hearing.
 {¶ 36} We need not reach Appellant's argument regarding Mr. Amaddio's ruling on its motion to disqualify the arbitrator as we addressed this issue in our *Page 17 
disposition of Appellant's first assignment of error. Similarly, we need not address Appellant's argument concerning Mr. Amaddio's decision overruling his motion for continuance as the hearing was ultimately continued. Accordingly, Appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV "THE TRIAL COURT ERRED BY NOT ADMITTING OR CONSIDERING EVIDENCE ESTABLISHING THE ARBITRATION AWARD AGAINST [APPELLANT] SHOULD BE VACATED DUE TO MATERIAL MISTAKE AND MANIFEST DISREGARD OF THE LAW."
 {¶ 37} In its fourth assignment of error, Appellant contends that the trial court erred by not admitting or considering evidence establishing that the arbitration award against Appellant should be vacated due to material mistake and manifest disregard of the law. We disagree.
 {¶ 38} At the outset, we note that Appellant has failed to provide this Court with a meaningful argument in support of its contention that the arbitration award should be vacated due to material mistake. Appellant has failed to define material mistake. Moreover, throughout this assignment of error, Appellant refers to "material mistake" in several ways including "material mistake", "material mistake of law" and "mutual mistake."
 {¶ 39} Appellant bears the burden of affirmatively demonstrating the error on appeal, and substantiating its arguments in support. Angle v.Western Res. Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at *1; Frecska v. Frecska (Oct. 1, *Page 18 
1997), 9th Dist. No. 96CA0086, at *2. See, also, App. R. 16(A)(7). Other than its assertion that this Court can review "substantive merits of an arbitration award * * * in the case of material mistake", Appellant has failed to cite to any legal authority that would support this position and thus has failed to assert how the trial court's actions constituted error. In re Spence (Mar. 28, 2001), 9th Dist. No. 99CA007522, at *6 (declining to address assignment of error where appellant failed to cite law applicable to issue under review). As such, Appellant has failed to provide citations to authorities supporting its argument regarding material mistake as mandated by App. R. 16(A)(7) and Loc. R. 7(A)(6). SeeState ex rel. Rothal v. Smith, 151 Ohio App.3d 289, 2002-Ohio-7328,¶ 90; Angle, supra, at *2.
 {¶ 40} "[I]t is not the function of this court to construct a foundation for a party's claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." Kremer v. Cox (1996), 114 Ohio App.3d 41, 60. "If an argument exists that can support [Appellant's] assignment] of error, it is not this court's duty to root it out." Cardone, supra, at *8. As Appellant's argument regarding material mistake fails to comply with the foregoing appellate rule requirements, it has failed to meet its burden on appeal with regard to this argument. Loc. R. 7(B). This Court, therefore, may disregard Appellant's argument regarding material mistake.
 {¶ 41} In Merrill Lynch, Pierce, Fenner Smith, Inc. v. Jaros,70 F.3d 418 (6th Cir. 1995), the Sixth Circuit explained that a separate judicially created basis *Page 19 
for vacating an arbitration award exists where the award was made "in manifest disregard of the law." Id., at 421, quoting Wilko v. Swan
(1953), 346 U.S. 418, 421 (1953). The Merrill Lynch court went on to explain that:
 "This court has emphasized that manifest disregard of the law is a very narrow standard of review. A mere error in interpretation or application of the law is insufficient. Rather, the decision must fly in the face of clearly established legal precedent. When faced with questions of law, an arbitration panel does not act in manifest disregard of the law unless (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle." (Internal citations omitted). Id. at 421. See Communications Workers of Am., Local #4536, supra, at *2.
 {¶ 42} Appellant asserts that the magistrate erred by failing to allow the introduction of certain testimony and exhibits into evidence which would have demonstrated manifest disregard of the law. Appellant has again failed to meet its burden of demonstrating that the magistrate erred as a matter of law in failing to admit this evidence and testimony. Union Twp. Bd. of Trustees, 146 Ohio App.3d at 459. Appellant merely reiterates that the documents the magistrate refused to admit "show * * * manifest disregard of the law." Appellant has failed to demonstrate how this evidence would tend to establish manifest disregard of the law.
 {¶ 43} Furthermore, Appellant refers to this evidence as "relevant" but fails to explain why the evidence is relevant. "If an argument exists that can support [Appellant's contentions], it is not this court's duty to root it out." Cardone, *Page 20 
supra, at *8. Without more, we cannot find that the magistrate erred in failing to admit this evidence and testimony.
Contractual Provisions and Defenses
 {¶ 44} Appellant asserts that the trial court erred by failing to address the arbitrator's failure to consider contractual provisions and defenses favorable to it. In support of this contention, Appellant notes that the arbitrator "specifically quoted and relied on the warranty provision" in one portion of the Agreement, but that he "wholly failed to consider or address the other applicable contractual provisions that unambiguously and specifically address the issues at hand and preclude Sunnywood from any liability[.]"
 {¶ 45} The manifest disregard of the law standard is applicable only to challenges regarding the arbitrator's determination of questions of law. Merrill Lynch, 70 F.3d at 421. The Merrill Lynch court explained that "[i]f a court can find any line of argument that is legally plausible and supports the award then it must be confirmed. Only where no judge or group of judges could conceivably come to the same determination as the arbitrators must the award be set aside." Id., citing Storer Broadcasting Co. v. American Fed'n of Television and RadioArtists (6th Cir. 1979), 600 F.2d 45; Ainsworth v. Skurnick (11th Cir. 1992), 960 F.2d 939, 941.
 {¶ 46} We are mindful that an Appellant's assignment of error provides a roadmap for the court and directs this Court's analysis of the trial court's *Page 21 
judgment. See App. R. 16. Appellant's assignment of error directs this Court to consider whether the trial court erred in not admitting or considering evidence that the arbitration award should be vacated due to material mistake and manifest disregard of the law. However, Appellant's argument regarding the trial court's failure to consider contractual provisions and defenses does not challenge the arbitrator's determination regarding a question of law. As such, we need not address whether the trial court erred in not addressing the arbitrator's failure to consider contractual provisions and defenses favorable to it.
Negligence
 {¶ 47} Appellant next challenges the trial court's failure to find that the arbitrator exhibited a manifest disregard of the law in finding Appellant was negligent in failing to use ordinary care in constructing the rear lot improvements. It appears that Appellant contends that the arbitrator acted in manifest disregard of the law by failing to heed the well established law regarding negligence. Merrill Lynch,70 F.3d at 421. Appellant contends that there was no evidence before the arbitrator to establish the required elements of negligence or to support his conclusion that Appellees' damages resulted from Appellant's failure to use ordinary care. Appellant further argues that to satisfy their burden of demonstrating that Appellant failed to exercise ordinary care and skill and that this breach proximately caused the damages, Appellees were required to present expert testimony. *Page 22 
 {¶ 48} In Mr. Amaddio's report, he sets forth a correct statement of the law regarding negligence:
 "The evidence presented by the Bennetts also establishes that Sunnywood was negligent in failing to use ordinary care in constructing the rear lot improvements on a severe slope. The contractor had a duty to perform construction services in a workmanlike manner and the problems experienced by the Bennetts resulted from Sunnywood's failure to use ordinary care in constructing the rear lot improvements."
Consequently, we are not persuaded that Mr. Amaddio's report reflects a manifest disregard of the law. Further, his report reflects that Appellees indeed offered expert testimony at the hearing. As Appellant failed to have the arbitration hearing transcribed, we are unable to determine the substance of the expert's testimony. Given our narrow standard of review, and the absence of a transcript of the arbitration hearing, we are unable to find that Mr. Amaddio's decision that Appellant was negligent "`fl[ies] in the face of clearly established legal precedent[.]'" Automated Tracking Systems, Inc.,130 Ohio App.3d at 244, quoting Merrill Lynch, Pierce, Fenner Smith, Inc.,70 F.3d at 421.
Breach of Warranty
 {¶ 49} Appellant also argues that the trial court erred in failing to find that Mr. Amaddio exhibited a manifest disregard of the law in finding a breach of warranty. More specifically, Appellant asserts that the warranty only covers "labor and materials" and that there are no defects to Appellees' property relating to labor or materials. Upon review of Appellant's arguments, it appears that *Page 23 
Appellant has not alleged that the trial court disregarded the law, but rather challenges Mr. Amaddio's failure to consider an expert report as well as his failure to consider certain testimony from John Campbell and Bill Sliwinski. It contends that, had Mr. Amaddio considered this report and testimony, he would have found that the sub-surface soil, not the improvements, caused Appellees' damages. As Appellant has not actually set forth an argument that Mr. Amaddio exhibited a manifest disregard of the law, we need not further address this argument.
Damages
 {¶ 50} Lastly, Appellant contends that the trial court erred in failing to find that Mr. Amaddio exhibited a manifest disregard of the law by awarding damages against it. Appellant asserts that Mr. Amaddio erred in awarding damages of $134,440.87, "an amount more then [sic] three times the $38,402.22 [Appellees'] claim as the cost of the lower yard improvements." Appellant contends that these damages were awarded "in contravention of the unambiguous, express provisions * * * of the Agreement."
 {¶ 51} However, we note that Appellant has not, in actuality, argued that the trial court erred in failing to find that Mr. Amaddio disregarded the law regarding damages. Rather, Appellant challenges Mr. Amaddio's calculation of damages. Appellant has not asserted that the damage award resulted from fraud, misconduct or some other irregularity.Lockhart, 2 Ohio App.3d at 101 ("[T]he original arbitration proceedings are not reviewable"); Goodyear Tire Rubber *Page 24 Co., 42 Ohio St.2d at 522 ("[T]he arbitrator is the final judge of both law and facts, and * * * an award will not be set aside except upon a clear showing of fraud, misconduct or some other irregularity rendering the award unjust, inequitable, or unconscionable"). Accordingly, we decline to address Appellant's challenge to the damage award.
 ASSIGNMENT OF ERROR V "THE TRIAL COURT ERRED BY NOT FINDING THE ARBITRATION AWARD AGAINST [APPELLANT] SHOULD BE VACATED PURSUANT TO R.C. § 2711.10(B)."
 {¶ 52} In its fifth assignment of error, Appellant contends that the trial court erred by not finding the arbitration award against Appellant should have been vacated pursuant to R.C. 2711.10(B).
 {¶ 53} R.C. 2711.10(B) provides, in part, that
 "the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
 * * *
 "There was evident partiality or corruption on the part of the arbitrators, or any of them."
 {¶ 54} "Where a party to an arbitration proceeding seeks to vacate an arbitration award on the basis that one of the arbitrators possessed `evident partiality' * * *, that party must prove more than an `appearance of bias'; he must present some evidence of actual bias or evidence of circumstantial fact which would give rise to a question of bias."Beck Suppliers, Inc. v. Dean Witter Reynolds, Inc. (1988),53 Ohio App.3d 98, at paragraph four of syllabus. *Page 25 
 {¶ 55} Appellant contends that the trial court erred in failing to find that Mr. Amaddio "evidenced] partiality." In support of its contention that Mr. Amaddio was partial, Appellant contends that (1) Mr. Amaddio had a personal and professional relationship with Appellees' counsel and Appellees as well as others in their counsel's firm ("the firm"), (2) Mr. Amaddio served as co-counsel with a member of the firm in a recent case, (3) a member of the firm recently appointed him as an arbitrator, (4) Mr. Amaddio refers domestic relations cases to another attorney with the firm, (5) the receptionist at the firm greeted Mr. Amaddio by his first name and engaged in a friendly conversation with him when he arrived for the hearing, (6) Mr. Amaddio met privately with Appellees, their counsel, and their expert witness prior to the arbitration for 20 to 25 minutes and again for 20 to 30 minutes following the arbitration.
 {¶ 56} We find Furtado v. Hearthstone Condominium Assn. (May 19, 1987), 10th Dist. No. 86AP-1003, instructive as to Mr. Amaddio's relationship with Appellees and Appellees' counsel. Furtado is a factually similar case wherein the appellant, a party to an arbitration, alleged that the arbitration award should be vacated because the arbitrator was biased. The appellant's claim that the arbitrator was biased was based on the arbitrator's relationship with the appellee's counsel. The arbitrator had rented office space from the appellee's counsel, shared a receptionist with the appellee's counsel, occasionally handled legal matters for the appellee's counsel, and was a close friend of the appellee's *Page 26 
counsel. The Tenth District found that the arbitrator's testimony refuted any suspicion or appearance of impartiality. The arbitrator had never had any dealings with the appellee and had not discussed the substantive merits of the case prior to the hearing. The court found that, "[o]nly by sheer speculation could this court conclude that the arbitrator's business and personal relationship with [the appellee's] law firm had any direct or substantial bearing upon the arbitrator's capacity to render a fair and impartial determination." Id. at *3.
 {¶ 57} Here, Mr. Amaddio's responses to interrogatories propounded by Appellant provide insight into his relationship with Appellees' counsel and Appellees. Mr. Amaddio's answers reflect that he has known Appellees' counsel since law school and that he is "personally acquainted with members of [Appellees' counsel's] staff and other attorneys in the office." Mr. Amaddio has never shared office space with Appellees' counsel or any other attorney with the firm. In addition, he never worked as a partner or associate with Appellees' counsel or any other attorney at the firm. Mr. Amaddio has had limited professional relationships with Appellees' counsel and the firm. These relationships consisted of (1) serving as co-counsel on a medical malpractice case with a partner in the firm, (2) referring a few cases to the firm and (3) serving as an arbitrator in a previous matter at the request of a partner in the firm. He was unable to confirm whether the receptionist at the firm greeted him by name when *Page 27 
he appeared for the arbitration hearing, but he acknowledged that this was conceivable.
 {¶ 58} The trial court was presented with conflicting evidence regarding whether Mr. Amaddio remained at Appellees' counsel's office after the arbitration to discuss the merits of the case. In his response to the interrogatories, Mr. Amaddio averred that he "did not meet privately with [Appellees' counsel] and his clients to discuss any matter relating to the arbitration hearing; however, [Appellees' counsel] did introduce me to Mr. Bennett and allowed me to set up for the hearing in his conference room." In addition, Mr. Amaddio testified that he did not privately discuss the arbitration matter with either Appellees' counsel or Appellees. In contrast, Appellant's President, William Foster, testified that Mr. Bennett and his counsel met privately with Mr. Amaddio after the arbitration.
 {¶ 59} "The mere imaginative appearance or suspicion of partiality is insufficient to establish under R.C. 2711.10(B) that there was `evident partiality' on the part of the arbitrator. The phrase `evident partiality' connotes more than a mere suspicion or appearance of partiality." Furtado supra, at *2, quoting R.C. 2711.10(B). See,e.g. Merit Ins. Co. v. Leatherby Ins. Co. (C.A.7, 1983), 714 F.2d 673,681-682. Here, we find that Appellant has failed to demonstrate more than mere suspicion of impartiality. Given our limited review, and the significant burden on Appellant to demonstrate evident partiality, we find no error in the trial *Page 28 
court's decision. Union Twp. Bd. of Trustees, 146 Ohio App.3d at 459. Accordingly, Appellant's fifth assignment of error is overruled.
 ASSIGNMENT OF ERROR VI "THE TRIAL COURT ERRED BY NOT ADMITTING OR CONSIDERING EVIDENCE ESTABLISHING THE ARBITRATION AWARD AGAINST [APPELLANT] SHOULD BE VACATED PURSUANT TO R.C. § 2711.10(A)."
 {¶ 60} In its sixth assignment of error, Appellant contends that the trial court erred by not admitting or considering evidence establishing that the arbitration award should be vacated pursuant to R.C. 2711.10(A). We disagree.
 {¶ 61} R.C. 2711.10(A) provides, in part, that
 "the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
 "[t]he award was procured by corruption, fraud, or undue means."
 {¶ 62} "The Supreme Court of Ohio has never specifically addressed the meaning of the term `undue means' for purposes of R.C. 2711.10(A)."Selby Gen. Hosp. v. Kindig, 10th Dist. No. 04CA53, 2006-Ohio-4383, at ¶ 32, quoting R.C. 2711.10(A). However, both the Eighth and Tenth District Courts of Appeals, relying on Goody ear Tire Rubber Co. v.Local Union No. 200 (1975), 42 Ohio St.2d 516, have held that "undue means" involves some degree of malice. Id., citing Bailey v. Ohio Dept.of Transp., 8th Dist. No. 80818, 2002-Ohio-6221, at ¶ 18; Detty v. OhioDept. of Rehab. and Corr. (July 6, 2000), 10th Dist. No. 99AP-1159. *Page 29 
 {¶ 63} Appellant argues that the trial court erred by not finding that Mr. Sliwinski's expert report regarding the subsurface soil conditions was procured by undue means. This argument is based on the statement in the report that it was "based upon visual inspection." In further support, Appellant notes Mr. Sliwinski's testimony at the magistrate's hearing that (1) John Campbell asked him to prepare the report after they "conferred" and (2) he prepared the report as a favor at Appellees' request since his family was a past customer of Campbell Construction, where Mr. Sliwinski works.
 {¶ 64} Mr. Sliwinski also testified that it is common policy in his field that the engineers do not go out in the field. He explained "[t]hey have technical people gather the data." In this case, Mr. Campbell visited the site on behalf of the company. He then conferred with Mr. Sliwinski who prepared the report. Mr. Sliwinski also relied on photographs and sketches of the property. Mr. Sliwinski further testified that he visited Appellees' property since preparing the report.
 {¶ 65} Mr. Campbell testified that he gave Mr. Bennett an opinion as a "past customer." He further testified that he did not fabricate the report. Mr. Campbell also agreed that when he said he was doing Appellees a "favor", "the favor was going out and taking a look at the property."
 {¶ 66} Appellant has failed to meet his burden of demonstrating that the award was procured by corruption, fraud or undue means. R.C. 2711.10(A). Appellant has not alleged that Appellees acted with malice when they procured *Page 30 
this expert report. See Selby Gen. Hosp., at ¶ 34. Nor is there clear evidence of malice in the record. The record reflects that Mr. Campbell visited Appellees' home and then conferred with Mr. Sliwinski. Mr. Sliwinski based his report on his technical knowledge as a professional engineer, his discussion with Mr. Campbell and his review of photographs and sketches of the property. Further, Mr. Sliwinski visited the property after preparing the report and before testifying at the hearing. Because Appellant has failed to establish that the arbitration award was procured by undue means, we conclude that the award is not subject to vacatur under R.C. 2711.10(A). Accordingly, Appellant's sixth assignment of error is overruled.
 ASSIGNMENT OF ERROR VII "THE TRIAL COURT ERRED BY NOT ADMITTING OR CONSIDERING EVIDENCE ESTABLISHING THE ARBITRATION AWARD AGAINST [APPELLANT] IS VOID FOR LACK OF DUE PROCESS OF LAW."
 ASSIGNMENT OF ERROR VIII "THE TRIAL COURT ERRED IN NOT ADMITTING OR CONSIDERING EVIDENCE ESTABLISHING THE ARBITRATION AWARD SHOULD BE VACATED PURSUANT TO R.C. § 2711.10(D)."
 {¶ 67} In its seventh and eighth assignments of error, Appellant contends that the trial court erred in failing to admit or consider evidence establishing that (1) the arbitration award was void for lack of due process of law and (2) the arbitration award should be vacated pursuant to R.C. 2711.10(D). *Page 31 
 {¶ 68} Appellant has failed to support his allegations under his seventh and eighth assignments of error with specific references to the record. McPherson v. Goodyear Tire Rubber Co., 9th Dist. No. 2003-Ohio-7190, at ¶ 31. "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." (Emphasis added.) State v. Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M. See, also, App. R. 16(A)(7). Moreover, "it is not the function of this court to construct a foundation for a party's claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." Kremer v. Cox (1996), 114 Ohio App.3d 41,60. "If an argument exists that can support [Appellant's] assignments of error, it is not this court's duty to root it out." Cardone, supra, at *8. This Court may disregard those assignments of error if the appellant fails to identify the relevant portions of the record from which the errors are based. Smith v. City of Akron Hous. Appeals Bd. of Dept. ofPub. Health, 9th Dist. No. 21103, 2003-Ohio-93, at ¶ 28. As Appellant's seventh and eighth assignments of error are wholly unsubstantiated by any reference to evidence in the record, Appellant has failed to carry its burden to establish its claims. Therefore, this Court disregards these assignments of error. See Id. Consequently, we overrule Appellant's seventh and eighth assignments of error. *Page 32 
 III. {¶ 69} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to Appellant. *Page 33 
 WHITMORE, P. J. DICKINSON, J. CONCUR *Page 1