[Cite as *Ward v. Ohio State Waterproofing*, 2013-Ohio-5560.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| JAMES WARD, et al. | C.A. No.      27004 |
| Appellees | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| OHIO STATE WATERPROOFING, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.      CV 2010-10-6692 |

DECISION AND JOURNAL ENTRY

Dated: December 18, 2013

WHITMORE, Judge.

{¶1}    Defendant-Appellant, Ohio State Waterproofing ("OSW"), appeals from a judgment of the Summit County Court of Common Pleas, denying its motion to vacate an arbitration award.   This Court affirms.

I

{¶2}    The relevant history, cited below, was set forth in the prior appeal.  *See Ward v. Ohio State Waterproofing*, 9th Dist. Summit No. 26203, 2012-Ohio-4432.

> Plaintiff-Appellees, James and Brandi Ward ("the Wards"), were experiencing flooding in the basement of their home.  The Wards contacted OSW to inspect their basement and to make recommendations on how to resolve the water problem.  In September 2008, based on OSW's recommendations, the Wards entered into a contract with OSW.  OSW was to install several products in exchange for $12,870.  OSW completed its work pursuant to the contract, but the Wards' water problem persisted.  Despite OSW performing several warranty repairs in 2009, the Wards were still experiencing flooding in their basement.  In January 2010, the Wards requested OSW refund the contract price, but no refund was made.
>
> The Wards discovered that in 2007, Springfield Township had hired Butcher and Sons, Inc. to demolish a building on the lot adjacent to the Wards.  In the spring

of 2010, at the request of the Wards, Springfield Township discovered the source of the Wards' water problems was a broken water line buried on the adjacent property. The Wards did not experience any water problems after the water line was fixed.

In October 2010, the Wards filed a complaint against OSW for breach of contract, and against Springfield Township and Butcher and Sons, Inc. for damages. OSW filed a motion to compel arbitration, citing an arbitration clause in the contract signed by the Wards. Ultimately, the Wards and OSW agreed to binding arbitration and the court stayed the matter and referred them to arbitration.

The arbitrators found OSW had breached its contract with the Wards and awarded them the contract price plus interest and attorney's fees. On September 26, 2011, the [common pleas] court issued two orders: (1) reinstating the case to the active docket, and (2) adopting the arbitrators' report and award as a judgment of the court. On that same day, OSW filed a motion to vacate the arbitrators' award [and the Wards filed a motion in opposition].

*Id*. at ¶ 2-5. The common pleas court denied OSW's motion to vacate the award and OSW appealed. On appeal, this Court reversed and remanded because we concluded that the common pleas court had not considered one of OSW's arguments raised in its motion to vacate. *Id*. at ¶ 10. On remand, the common pleas court reviewed OSW's remaining argument and again denied the motion to vacate. OSW now appeals and raises one assignment of error for our review.

II

Assignment of Error

OSW'S MOTION TO VACATE ARBITRATION AWARD WAS DENIED IN ERROR BECAUSE THE ARBITRATORS ALLOWED THE APPELLEES, JAMES AND BRANDI WARD (HEREINAFTER "WARD"), TO INTRODUCE EVIDENCE NOT DISCLOSED TO OSW IN DISCOVERY; DID NOT PERMIT OSW'S INSPECTOR TO TESTIFY ABOUT HIS CONVERSATIONS WITH THE WARDS WITH REGARD TO THE SERVICES THAT WOULD BE PERFORMED BY OSW AND; AND (sic) THE ARBITRATORS EVIDENT MISTAKE MADE THE AWARD UNJUST AND/OR UNCONSCIONABLE ALL IN CONTRAVENTION OF OHIO REVISED CODE § 2711.10 WHICH STATES THAT AN ARBITRATION AWARD SHOULD BE VACATED IF: 1) THE AWARD WAS PROCURED BY CORRUPTION, FRAUD, OR UNDUE MEANS; 2) THERE IS EVIDENT PARTIALITY OR CORRUPTION ON THE PART OF THE ARBITRATORS, OR ANY OF THEM; 3) THE ARBITRATORS WERE GUILTY OF MISCONDUCT IN REFUSING TO POSTPONE THE HEARING, UPON SUFFICIENT CAUSE SHOWN, OR IN

REFUSING TO HEAR EVIDENCE PERTINENT AND MATERIAL TO THE CONTROVERSY; OR OF ANY OTHER MISBEHAVIOR BY WHICH THE RIGHTS OF ANY PARTY HAVE BEEN PREJUDICED; OR 4) THE ARBITRATORS EXCEEDED THEIR POWERS, OR SO IMPERFECTLY EXECUTED THEM THAT A MUTUAL, FINAL, AND DEFINITE AWARD UPON THE SUBJECT MATTER SUBMITTED WAS NOT MADE.

**{¶3}** In its sole assignment of error, OSW argues that the common pleas court erred when it denied its motion to vacate the arbitration award. We disagree.

**{¶4}** "When parties agree to binding arbitration, they agree to accept the result and may not re[-]litigate the facts as found by the arbitrator." *New Par v. Misuraca*, 9th Dist. Lorain No. 06CA009060, 2007-Ohio-3300, ¶ 4, quoting *Bennett v. Sunnywood Land Dev., Inc.*, 9th Dist. Medina No. 06CA0089-M, 2007-Ohio-2154, ¶ 9. However, although the actual merits of the arbitration are not subject to review, after an award is made, the parties to the arbitration may file a motion in the court seeking to modify, vacate, or correct the award. *See* R.C. 2711.10 and 2711.11.

**{¶5}** When a court considers a motion to vacate an arbitration award, it is guided by R.C. 2711.10. That section provides, in part, that:

[T]he court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:

(A) The award was procured by corruption, fraud, or undue means.

(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

{¶6} "Mere error in the interpretation or application of the law will not suffice. The arbitrators' decision must 'fly in the face of clearly established legal precedent' to support a vacation of the award." *Automated Tracking Sys., Inc. v. Great Am. Ins. Co.*, 130 Ohio App.3d 238, 244 (9th Dist.1998), quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir.1995).

{¶7} Appellate review of the common pleas court's decision to deny a motion to vacate an arbitration award is also limited. *See Warren Educ. Assn. v. Warren City Bd. of Educ.*, 18 Ohio St.3d 170, 173 (1985). "The substantive merits of the original arbitration award are not reviewable on appeal." *Ward*, 2012-Ohio-4432, at ¶ 9, quoting *Lockhart v. American Reserve Ins. Co.*, 2 Ohio App.3d 99, 101 (8th Dist.1981). Thus, the pertinent question on review is whether the common pleas court erred as a matter of law in its order. *Bennett*, 2007-Ohio-2154, at ¶ 10, citing *Union Twp. Bd. of Trustees v. Fraternal Order of Police, Ohio Valley Lodge No. 112*, 146 Ohio App.3d 456, 459 (12th Dist.2001).

a. Limitation of testimony

{¶8} OSW argues that the common pleas court erred when it denied its motion to vacate the arbitration award because the arbitrators refused to hear evidence pertinent and material to the controversy. Specifically, OSW argues that the court did not permit Rick Shaneyfelt, an OSW inspector, to testify. In support of its motion to vacate, OSW attached an affidavit from Shaneyfelt, in which he stated:

I was called as a witness in the arbitration in this matter and was asked questions about my recollection of conversations with James and Brandi Ward.

I was also asked questions about whether or not I remembered the Ward's residence; when asked these questions I was presented with photos of the Ward's residence that I did not recall.

When the arbitrators heard that I did not remember the pictures of the home they did not permit me to testify about the pictures.

{¶9} The Wards, in their opposition to OSW's motion, denied that Shaneyfelt was prevented from testifying. Instead, the Wards asserted that Shaneyfelt's testimony was limited because he had no personal recollection and because OSW ran out of time in presenting its case.

{¶10} The common pleas court found that "[t]he arbitrators allowed Shaneyfelt to testify, but limited his testimony." The court concluded that there was no misconduct on the part of the arbitrators in their decision to limit Shaneyfelt's testimony and OSW was not prejudiced by the limitation. Because it found there was no misconduct in limiting the testimony, the common pleas court denied OSW's motion to vacate on this basis.

{¶11} The record before the court was limited to the motion to vacate, including Shaneyfelt's affidavit, and the memorandum in opposition. It did not have a transcript of the arbitration hearing nor did the arbitrators' decision discuss the limiting of Shaneyfelt's testimony. Our review is limited to whether the common pleas court erred as a matter of law. *See Bennett*, 2007-Ohio-2154, at ¶ 10. Given the very limited record to review, we cannot conclude that the court erred in its decision as a matter of law.

b. Discovery

{¶12} OSW argues that the arbitrators improperly permitted the Wards to introduce evidence that was not turned over to OSW in discovery. Specifically, OSW states that the Wards

did not disclose "documents contained in Exhibit B of the Motion to Vacate."[1] OSW further argues that the arbitrators' decision to admit this evidence was prejudicial because it "was deprived of the right to investigate, cross-examine, and rebut the documents introduced as evidence." *See* R.C. 2711.10(C).

**{¶13}** The Wards, in their memorandum in opposition, argued that the documents contained in Exhibit B were either given to them by OSW or were documents/forms that OSW had in its possession. Therefore, according to the Wards, OSW did not suffer any prejudice.

**{¶14}** The common pleas court found that "[OSW] did not *specifically* identify what evidence [it] object[s] to the [Wards] introducing, or what prejudice [it] suffered by the introduction of the evidence." (Emphasis sic.) Further, the court found that, because the documents were created by OSW, it was not deprived of any right to investigate, cross-examine or rebut the documents. Because OSW had not shown prejudice, the court denied its motion to vacate based on the argument that the arbitrators improperly admitted evidence.

**{¶15}** There is no evidence in the record that OSW ever argued to the common pleas court that the documents contained in Exhibit B were not in its possession prior to arbitration. Instead, OSW argued that the Wards did not include these documents in their list of documents they intended to use at trial. Because there is no evidence of prejudice to OSW, we cannot conclude that the common pleas court erred in its finding as a matter of law.

c. Unconscionable award

**{¶16}** Lastly, OSW argues that the common pleas court erred in denying its motion to vacate because the arbitrators' mistakes resulted in an unjust and unconscionable award.

---

[1] Exhibit B includes: (1) a sheet entitled "Plaintiffs' Exhibits & Service Summary," (2) a sheet entitled "Service Request Form," (3) a letter from the Wards to OSW, and (4) an affidavit in support of attorney fees.

Specifically, OSW argues the arbitrators' finding that the "work conducted and material supplied by OSW provided [the] Ward[s] with no benefit whatsoever" is not supported by the evidence and makes the award "unjust and unconscionable."

**{¶17}** The common pleas court reviewed the arbitrators' findings and judgment, which "set[ ] forth their reasons for determining that the work performed by OSW was ultimately of no benefit to [the Wards]." Upon its review of the arbitrators' decision, the court found no "evident mistake." Upon review, we cannot conclude that the court's decision was an error as a matter of law. Accordingly, OSW's assignment of error is overruled.

### III

**{¶18}** OSW's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR.


APPEARANCES:

MICHAEL C. DEJOHN, Attorney at Law, for Appellant.

ESTELLE D. FLASCK, Attorney at Law, for Appellees.