DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, the city of Cuyahoga Falls, appeals from the judgment of the Summit County Court of Common Pleas, which granted the application for confirmation of an arbitration award of Appellee, Summit County. We affirm.
 {¶ 2} In 1967, Appellant and Appellee entered into a contract concerning the construction and maintenance of the Mud Brook Sewer. The contract contained a provision indicating that the cost of future capital improvements "shall be allocated between [Appellant and Appellee] upon such terms as are mutually agreed upon[.]" In 2000, Appellee made capital improvements to the sewer and requested that Appellant contribute $3.2 million in funds. Appellee declined to pay and alleged that no mutual agreement had been reached regarding the amount.
 {¶ 3} After negotiations proved unsuccessful, Appellee then filed a complaint indicating that "[a] dispute ha[d] arise[n] relating to [Appellant's] payment of its share of the costs of improvements to the Mud Brook Interceptor Sewer Line." Thereafter, the parties consented to submit the matter to arbitration. Hearings were held before the arbitration panel and a decision was reached on June 13, 2003. Appellant was ordered to pay $1,512,606.52 to Appellee within ninety days.
 {¶ 4} Thereafter, Appellee filed an application for confirmation of the award with the Summit County Court of Common Pleas and Appellant filed an application to vacate the award. The court found that the award could not be vacated pursuant to R.C.2711.10 and confirmed the award, thus making it an order of the court. It is from this order that Appellant timely appeals, raising one assignment of error for review.
 ASSIGNMENT OF ERROR
"The common pleas court erred in confirming and failing to vacate the award of the arbitration panel where the panel exceeded its powers."
 {¶ 5} In its sole assignment of error, Appellant maintains that the court erred in confirming the arbitration award as the panel exceeded its authority when interpreting the 1967 contract provisions. Appellant's assignment of error lacks merit.
 {¶ 6} Ohio courts give deference to arbitration awards and presume they are valid. Findlay City School Dist. Bd. of Edn. v.Findlay Edn. Assn. (1990), 49 Ohio St.3d 129, paragraph one of the syllabus, superseded by statute on other grounds (1991),61 Ohio St.3d 658. See, also, Gingrich v. Wooster (Jan. 10, 2001), 9th Dist. No. 00CA0032, at 9. When parties agree to binding arbitration, they agree to accept the result, regardless of the legal or factual accuracy. Gingrich, supra, at 9, citingHuffman v. Valletto (1984), 15 Ohio App.3d 61, paragraph one of the syllabus.
 {¶ 7} A trial court's ability to review an arbitration award is governed by R.C. 2711. Warren Edn. Assn. v. Warren City Bd.of Edn. (1985), 18 Ohio St.3d 170, 173. A trial court's review is rather limited as it is precluded from reviewing the actual merits upon which the award was based. Ford Hull-Mar NursingHome, Inc. v. Marr, Knapp, Crawfis Assoc., Inc. (2000),138 Ohio App.3d 174, 179. However, the court may vacate an award if the panel exceeds its powers or imperfectly executes them. R.C.2711.10(D). This Court has previously explained that "[m]ere error in the interpretation or application of the law will not suffice [to vacate an arbitration award]. The arbitrators' decision must `fly in the face of clearly established legal precedent' to support a vacation of the award." AutomatedTracking Systems, Inc. v. Great Am. Ins. Co. (Oct. 14, 1998), 9th Dist. No. 18906, at 7, quoting Merrill Lynch, Pierce, Fenner Smith, Inc. v. Jaros (C.A. 6, 1995), 70 F.3d 418, 421. See, also, Communication Workers of Am., Local #4546 v. Summit Cty.Children Servs. Bd. (Mar. 31, 1999), 9th Dist. No. 19122, at 5. An arbitrator exceeds his power when an award fails to draw its essence from the agreement of the parties. Gingrich, supra, at 10, citing Ohio Office of Collective Bargaining v. Ohio Civ.Serv. Employees Assn., Local 11, AFSCME, AFL-CIO (1991),59 Ohio St.3d 177, 179-180. This occurs when there is an absence of "a rational nexus between the agreement and the award," or when the award is "arbitrary, capricious, or unlawful." Gingrich, supra, at 10, citing Findlay City School Dist. Bd. of Edn.,49 Ohio St.3d at 132.
 {¶ 8} An appeal may be taken from a trial court order that confirms, modifies, corrects, or vacates an arbitration award.Warren Edn. Assn., 18 Ohio St.3d at 173-174, quoting Lockhartv. American Res. Ins. Co. (1981), 2 Ohio App.3d 99, 101. However, an appellate court may only review the lower court's order to discern whether an error as a matter of law occurred.Union Twp. Bd. of Trustees v. Fraternal Order of Police, OhioValley Lodge No. 112, 146 Ohio App.3d 456, 2001-Ohio-8674, at ¶ 6 citing McFaul v. UAW Region 2 (1998), 130 Ohio App.3d 111,115.
 {¶ 9} In the present case, the parties entered into a consent order and voluntarily submitted to binding arbitration of the matter. We note that Ohio courts are
"generally in accord with the clear weight of authority in other jurisdictions holding that a party who allows a dispute to go to arbitration and voluntarily participates in arbitration proceedings, without objection or challenge to the authority, jurisdiction or power of the arbitrator to resolve a particular dispute, is deemed to have consented to the arbitration and is estopped from contesting the arbitrator's authority after suffering an adverse arbitration award." Huffman v. Huffman,
10th Dist. Nos. 02AP-101 and 02AP698, 2002-Ohio-6031, at ¶ 26. See, also, Creatore v. Robert W. Baird Co.,154 Ohio App.3d 316, 2003-Ohio-5009, at ¶ 10.
The application of estoppel will prevent an individual from taking "two bites of the same apple[;]" a party is not able to submit the matter for arbitration and then assert that an arbitrator lacks authority to hear the issues in the event that an adverse award is rendered. Creatore at ¶ 12, quoting E.SGallon Co., L.P.A. v. Deutsch (2001), 142 Ohio App.3d 137, 141, quoting Vermillion v. Willard Const. Co. (July 19, 1995), 9th Dist. No. 94CA006008, at 8.
 {¶ 10} Additionally, when a provision in an agreement is subject to more than one interpretation, and the parties have agreed to submit their contract interpretation disputes to final and binding arbitration, the arbitrator's interpretation of the contract, and not the interpretation of a reviewing court, governs the rights of the parties. Hillsboro v. Fraternal Orderof Police, Ohio Labor Council, Inc. (1990), 52 Ohio St.3d 174,177. "This is so because the arbitrator's interpretation of the contract is what the parties bargained for in agreeing to submit their disputes to final and binding arbitration. The arbitrator's interpretation must prevail regardless of whether his or her interpretation is the most reasonable under the circumstances." Id. at 177-178.
 {¶ 11} In the matter at hand, Appellant alleges that the arbitration panel exceeded its authority by rewriting the 1967 contract. Specifically, Appellant maintains that the panel disregarded the plain and unambiguous language of the contract and calculated Appellant's allocable share of the capital improvements although no mutual agreement was reached between Appellant and Appellee. However, Appellant's argument is flawed as it voluntarily submitted "the issues raised in the complaint" and not the contract itself, to binding arbitration. Inasmuch as the complaint involves a dispute over Appellant's share of the costs for capital improvements made to the Mud Brook Interceptor Sewer line, Appellant is estopped from contesting the arbitration panel's authority to render a decision on the voluntarily submitted issue regarding the proper allocation of capital costs. See Creatore at ¶ 13. That is precisely what Appellant bargained for in agreeing to submit the dispute to final and binding arbitration.
 {¶ 12} Moreover, we find that the relevant language contained in the 1967 agreement is arguably ambiguous and therefore could be subject to arbitration. The agreement expressly states that future capital costs "shall be allocated between [Appellant] and [Appellee] upon such terms as are mutually agreed upon[.]" (Emphasis added.) The contract also provides that
"[i]n the event that any controversy or difference shall arise between [Appellee] and [Appellant] with respect to the interpretation and effect of this Agreement or their respective rights, obligations or liabilities hereunder or the rates, charges and fees to be made and collected pursuant to the provisions hereof, then such controversy or difference shall be submitted to a board of three (3) arbitrators * * * and the decision * * * shall be final and binding upon [Appellant] and [Appellee.]"
Thus, the trial court could have correctly found that the panel merely rendered its bargained-for interpretation of the contract. Accordingly, Appellant's sole assignment of error is overruled.
 {¶ 13} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Whitmore, P.J., and Baird, J., concur.
Slaby, J., dissents.