OPINION
{¶ 1} Plaintiffs-appellants/cross-appellees Rick Hogue and Rick Hogue Construction, Inc. (collectively "Hogue") and defendants-appellees/cross-appellants Paul and Donna Sadler ("Sadlers") separately appeal the August 29, 2003 Judgment Entry of the Coshocton County Court of Common Pleas denying their separate cross-motions to modify, correct and/or vacate the binding arbitration award.
 STATEMENT OF FACTS AND CASE {¶ 2} This appeal arises from a contract between the parties in which Hogue agreed to construct a new home for the Sadlers. A dispute arose between the parties, resulting in Hogue's filing the instant lawsuit for payment of the balance due under the contract. The Sadlers filed a counterclaim. The trial court, by consent of the parties, referred the matter to binding arbitration. In December 2002, the case was arbitrated to a panel of three arbitrators. On January 24, 2003, the arbitration panel rendered its award. The panel awarded Hogue a total of $44,341.32 on his claim, and the Sadlers a total of $39,278.01 from Hogue on their claims. The arbitration panel rendered a net award of $5,063.31 in Hogue's favor.
 {¶ 3} There is no record of the proceedings before the arbitration panel.
 {¶ 4} Both parties filed cross-motions with the trial court pursuant to R.C. 2711.10 and 2711.13, requesting the trial court, correct and/or vacate the award. On August 29, 2003, via Judgment Entry, the trial court denied the motions.
 {¶ 5} Plaintiffs-appellants/cross-appellees assign as error:
 {¶ 6} "I. The trial court erred in not modifying, correcting and/or vacating the arbitration award."
 {¶ 7} Defendants-appellees/cross-appellants assert as error:
 {¶ 8} "I. The trial court erred by denying the sadlers' motion to modify, correct and/or vacate the arbitration award."
 Appeal and Cross-Appeal {¶ 9} The assignments of error raised by both appellants/cross-appellees and appellees/cross-appellants assert common and interrelated issues; therefore, we will address all of the assignments together. The January 24, 2003 arbitration award finds Hogue violated the Ohio Consumer Sales Practices Act. Hogue argues the arbitration panel's award of treble damages and attorney fees under the act was unlawful, arbitrary or capricious, because the act does not apply to the construction of a new home. Further, Hogue argues the Sadlers offered absolutely no evidence to support such an award under the act.
 {¶ 10} On cross-appeal, the Sadlers argue the panel's finding regarding Hogue's employees is arbitrary and capricious; the award of an added mark-up to Hogue's employees is nonsensical; the panel should have trebled all damages awarded against Hogue; the panel's refusal to award damages for Hogue's invalid lien was arbitrary and capricious; and the panel acted arbitrarily by reducing their attorney fees award.
 {¶ 11} Our judicial review of the arbitration award is limited:
 {¶ 12} "Arbitration of the modification clause, as of other contract clauses, can be effective only to the extent that the arbitrator's decision is conclusive on the parties, where the arbitration is properly and fairly conducted. Were the arbitrator's decision to be subject to reversal because a reviewing court disagreed with findings of fact or with an interpretation of the contract, arbitration would become only an added proceeding and expense prior to final judicial determination. This would defeat the bargain made by the parties and would defeat as well the strong public policy favoring private settlement of grievance disputes arising from collective bargaining agreements.
 {¶ 13} "Ohio's statutory scheme in R.C. 2711.10 thus limitsjudicial review of arbitration to claims of fraud, corruption,misconduct, an imperfect award, or that the arbitrator exceededhis authority.
* * *
 {¶ 14} "At common law, the courts have almost uniformly refused to vacate an arbitrator's award because of an error oflaw or fact. It has been held that the arbitrator is the final judge of both law and facts, and that an award will not be set aside except upon a clear showing of fraud, misconduct or some other irregularity rendering the award unjust, inequitable, or unconscionable. (Allstate Ins. Co. v. Fioravanti (1973),451 Pa. 108, 299 A.2d 585), and that even a grossly erroneous decision is binding in the absence of fraud. * * *" GoodyearTire Rubber Co. v. Local Union No. 200, United Rubber, Cork,Linoleum and Plastic Workers of America (1975),42 Ohio St.2d 516. (Emphasis Added.)
 {¶ 15} As noted above, there is no record of the arbitration proceedings. Upon review, Hogue's arguments on appeal are dependent upon the evidence presented at the arbitration proceeding. As this Court is without a record of the proceedings, we cannot determine whether the arbitration award should be modified, vacated or corrected due to fraud, corruption, misconduct, an imperfect award, or whether the arbitrators exceeded their authority. Absent a complete record of evidence presented during the arbitration proceedings, an appellate court must presume the regularity of an arbitration proceeding and the resulting award. Peck Water Systems, Inc. v. Cyrus Corp.
(January 31, 2002), Stark App. No. 1999CA0151, citing MarraConstructors v. Cleveland Metroparks (1993), 82 Ohio App.3d 557. We, therefore, must presume the regularity of the arbitration proceedings in the case sub judice, and affirm the award.[1]
 {¶ 16} Likewise, the Sadlers' arguments on cross-appeal are necessarily dependent upon our review of the proceedings before the arbitration panel. Without a transcript of the proceedings, we must presume the regularity of the award and affirm the panel's decision.
 {¶ 17} Based upon the reason set forth above, we overrule the assignments of error asserted on both appeal and cross-appeal, and find the arbitration award should not be vacated, modified or corrected.
 {¶ 18} The August 29, 2004 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
By: Hoffman, PJ., Farmer, J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the August 29, 2004 Judgment Entry of the Stark County Court of Common Pleas is affirmed. Costs to be assessed equally.
[1] Although not necessary for our disposition of appellant's appeal, we note this Court has previously held residential construction contracts are subject to the Ohio Consumer Sales Practice Act. Keeton v. Hinkle, dba Hinkle Builders (March 10, 2000), Morrow App. No. CA871.