DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Richard Misuraca, appeals the confirmation of an arbitration award in favor of Appellee New Par a.k.a. Verizon Wireless by the Lorain County Court of Common Pleas. We affirm. *Page 2 
 {¶ 2} On July 27, 2005, an arbitration hearing was held before the American Arbitration Association[1] regarding a dispute between Appellant and Appellee about unpaid invoices related to Appellant's use of Appellee's service to send facsimile transmissions pursuant to the terms of four service agreements entered into by and between the parties. On September 23, 2005, the arbitrator awarded $151,333.59 to Appellee, which amount included $104,403.57 in past due charges and $46,930.02 in interest. On October 6, 2005, Appellee filed a motion with the Lorain County Court of Common Pleas to confirm the arbitration award[2] and Appellant objected. The trial court granted Appellee's motion on October 16, 2006, confirming the arbitration award and further ordering Appellant to pay statutory interest from the date of the confirmation entry. Appellant timely appealed the trial court's October 16, 2006 entry raising four assignments of error. *Page 3 
 Assignment of Error 1 "The trial court erred when in confirmed the arbitration award, as it has the ability to overturn an arbitrator's decision when the arbitrator misapplied the law to the material facts of the case."
 Assignment of Error 2 "The trial court erred by failing to determine that the arbitrator erred by concluding that [Appellee] could unilaterally change the contract when no contract existed via correspondence dated October 30, 2002."
 Assignment of Error 3 "The trial court erred when it failed to determine that the execution of the service agreements were [sic] procured through fraud, that the law mandates be deemed void ab initio based upon equitable principles."
 Assignment of Error 4 "The trial court erred when it confirmed the interest rate applied to the judgment at 18% instead of 5%."
 {¶ 3} Because each of Appellant's assignments of error require similar analysis, they will be discussed together.
 {¶ 4} It is well established that Ohio courts give deference to arbitration awards and presume they are valid. Findlay City School Dist.Bd. of Edn. v. Findlay Edn. Assn. (1990), 49 Ohio St.3d 129, superseded by statute on other grounds (1991), as stated in Cincinnati v. OhioCouncil 8 American Fedn. of State, Cty. Mun. Emp., AFL-CIO, 61Ohio St.3d 658. See, also, Gingrich v. Wooster (Jan. 10, 2001), 9th Dist. No. 00CA0032, at *5. "When parties agree to binding *Page 4 
arbitration, they agree to accept the result and may not relitigate the facts as found by the arbitrator." Bennett v. Sunnywood Land Dev.,Inc., 9th Dist. No. 06CA0089-M, 2007-Ohio-2154, at ¶ 9. "A trial court's review is limited as it is precluded from reviewing the actual merits upon which the award was based." Bennett at ¶ 10, citing Ford Hull-MarNursing Home, Inc. v. Marr, Knapp, Crawfis Assoc, Inc. (2000),138 Ohio App.3d 174, 179.
 {¶ 5} Under 9 U.S.C.A. § 10(a), a trial court may vacate an arbitration award:
 "(1) where the award was procured by corruption, fraud, or undue means;
 "(2) where there was evident partiality or corruption in the arbitrators, or either of them;
 "(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
 "(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."
 {¶ 6} Appellant asserts that the trial court erred by affirming an award where the arbitrator: (1) misapplied the law in not finding that Appellee fraudulently induced him into entering in the service agreements; (2) improperly found that Appellee properly modified the contract via correspondence dated *Page 5 
October 30, 2002; (3) did not find the service agreement void based on equitable principles; and (4) awarded interest at the rate of 18% on the past due balance.
 {¶ 7} Appellee asserts that the trial court was required to confirm the arbitration award absent evidence of any of the grounds set forth in Section 10 of the Federal Arbitration Act. Appellee asserts that neither Appellant's objections to the motion to confirm the arbitration award nor Appellant's brief on appeal allege any of the grounds required for the trial court to vacate the arbitration award. We agree.
 {¶ 8} In his October 17, 2005 objection to Appellee's motion to confirm the arbitration award, the sole ground cited by Appellant as a basis to vacate the award is that Appellant's administrative remedies have not been exhausted, i.e., he is still entitled to seek modification of the arbitration award. Attached to the October 17, 2005 filing was a motion to modify the arbitration award. Appellant's motion to modify is not separately time stamped. The trial court docket contains an entry dated December 19, 2005, entitled "Request to Vacate or to Modify the Arbitration Award Filed by Defendant," but that document is missing from the record. Moreover, it was filed after the trial court confirmed the arbitration award. The trial court's entry indicates that it considered both Appellee's motion to confirm (granting it) and Appellant's motion to modify (denying it), but the appellant has the responsibility of providing the reviewing court with a record of the facts, testimony, and evidentiary matters which are necessary to support the *Page 6 
appellant's assignments of error. Volodkevich v. Volodkevich (1989),48 Ohio App.3d 313, 314. Thus in reviewing Appellant's assignments of error, we are limited to review of the pleadings actually in the record.
 {¶ 9} Appellant's motion to modify, which was attached to his objections to Appellee's motion to confirm, fails to assert that the trial court should not confirm the arbitration award for any of the grounds set forth in 9 U.S.C. § 10, or in R.C. 2711.10.[3] Appellant's brief on appeal also fails to assert any of the grounds set forth in R.C. 2711.10 or 9 U.S.C. § 10.
 {¶ 10} In Bennett, we held that:
 "`An appeal may be taken from a trial court order that confirms, modifies, corrects, or vacates an arbitration award.' Warren Edn. Assn., 18 Ohio St.3d at 173-74, quoting Lockhart v. American Res. Ins. Co. (1981), 2 Ohio App.3d 99, 101. However, an appellate court may only review the lower court's order to discern whether an error occurred as a matter of law. Union Twp. Bd. of Trustees v. Fraternal Order of Police, Ohio Valley Lodge No. 112, 146 Ohio App.3d 456, 459, citing McFaul v. UAW Region 2 (1998), 130 Ohio App.3d 111, 115. Our review is limited to the order. Lockhart, 2 Ohio App.3d at 101. `The original arbitration proceedings are not reviewable.' Id. `[T]he arbitrator is the final judge of both law and facts, and * * * an award will not be set aside except upon a clear showing of fraud, misconduct or some other irregularity rendering the award unjust, inequitable, or unconscionable.' Goodyear Tire Rubber Co v. Local Union No. 200, United Rubber, Cork, Linoleum Plastic Workers of Am. (1975), 42 Ohio St.2d 516, 522." Bennett at ¶ 12. *Page 7 
 {¶ 11} "Mere error in the interpretation or application of the law will not suffice [to vacate an arbitration award]. The arbitrators' decision must `fly in the face of clearly established legal precedent' to support a vacation of the award." Automated Tracking Systems, Inc. v.Great Am. Ins. Co. (1998), 130 Ohio App.3d 238, 244, quoting MerrillLynch, Pierce, Fenner Smith, Inc. v. Jaros (C.A.6, 1995), 70 F.3d 418,421. See, also, Communication Workers of Am., Local # 4546 v. SummitCty. Children Servs. Bd. (Mar. 31, 1999), 9th Dist. No. 19122, at *2.
 {¶ 12} In County of Summit v. City of Cuyahoga Falls, 9th Dist. No. 21799, 2004-Ohio-1879, we noted that:
 "An arbitrator exceeds his power when an award fails to draw its essence from the agreement of the parties. Gingrich, supra, at 10, citing Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Employees Assn., Local 11, AFSCME, AFL-CIO (1991), 59 Ohio St.3d 177, 179-180, 572 N.E.2d 71. This occurs when there is an absence of `a rational nexus between the agreement and the award,' or when the award is arbitrary, capricious, or unlawful. Gingrich, supra, at 10, citing Findlay City School Dist. Bd. of Edn., 49 Ohio St.3d at 132, 551 N.E.2d 186.]" County of Summit at ¶ 7.
 {¶ 13} Here, Appellant asserts that the arbitrator's decision does "fly in the face" of established legal precedent. As noted above, Appellant asserts that the trial court erred by affirming an award where the arbitrator: (1) misapplied the law in not finding that Appellee fraudulently induced him into entering in the service agreements; (2) improperly found that Appellee properly modified the contract via correspondence dated October 30, 2002; (3) did not find the service agreement *Page 8 
void based on equitable principles; and (4) awarded interest at the rate of 18%. We disagree.
 {¶ 14} The arbitrator was the fact-finder. He heard the evidence and considered the stipulations, including Appellant's agreement that the service agreements were enforceable against him. Based on this evidence, the arbitrator made several factual findings. The arbitrator found that while the original agreement was ambiguous as to whether or not facsimile transmissions were included as a part of Appellant's service plan, the agreements were modified by a letter from Appellee to Appellant, dated October 30, 2002. The arbitrator found that the service agreements gave Appellee the right to change the terms of the service agreements with written notice to Appellant. The October 30, 2002 letter to Appellant stated that facsimile transmissions were not included as a part of Appellant's original service plan. The arbitrator found that Appellant accepted the modified terms of the service agreements by continuing to send facsimile transmissions. Based on the foregoing factual findings, the arbitrator awarded Appellee an amount equal to Appellant's use of his service plan for facsimile service after the October 30, 2002 letter.
 {¶ 15} Appellant asserts that the arbitrator "misapplied the law" by failing to find that Appellees fraudulently induced him into entering into the service agreements. Appellant asserts that because the arbitrator found the original agreements to be ambiguous, it is clear that he was fraudulently induced. *Page 9 
However, Appellant stipulated that the service agreements were enforceable against him. He cannot now argue that they are unenforceable because he was fraudulently induced into entering into them.
 {¶ 16} Next, Appellant asserts that the arbitrator erred by finding that Appellee modified the service agreements with its October 30, 2002 correspondence. Appellant does not assert that the service agreements prohibit modification; he simply asserts that the October 30, 2002 correspondence is not sufficient to establish a meeting of the minds absent essential terms, i.e., the price he would be charged for the facsimile transmissions.
 {¶ 17} The Ohio Supreme Court holds that "[w]hen a provision in an agreement is subject to more than one interpretation, and the parties have agreed to submit their contract interpretation disputes to final and binding arbitration, the arbitrator's interpretation of the contract, and not the interpretation of a reviewing court, governs the rights of the parties." Hillsboro v. Fraternal Order of Police, OhioLabor Council, Inc. (1990), 52 Ohio St.3d 174, 177, 556 N.E.2d 1186. "This is so because the arbitrator's interpretation of the contract is what the parties bargained for in agreeing to submit their disputes to final and binding arbitration. The arbitrator's interpretation must prevail regardless of whether his or her interpretation is the most reasonable under the circumstances." Id. at 177-178, 556 N.E.2d 1186. *Page 10 
 {¶ 18} Here, Appellant agreed to and initiated the arbitration proceedings. After stipulating that the agreement was enforceable, the arbitrator heard the evidence related to the service agreements and their modification via the October 30, 2002 correspondence. The arbitrator interpreted those documents as being a modified contract accepted by Appellant and awarded damages only for charges incurred after the modification. Based on the foregoing, we find it reasonable that the arbitrator could have found the service agreements to have been modified by the October 30, 2002 letter and we are required by Ohio Supreme Court precedent to accept the arbitrator's interpretation of the contract.
 {¶ 19} Appellant does not assert any legal precedent that the arbitrator's award "flies in the face of to support his position that the arbitrator should have found the service agreements void ab initio.
 {¶ 20} Finally, Appellant asserts that the arbitrator erred by awarding 18% interest on the service charges incurred after October 30, 2002. Once again, Appellant does not cite any legal precedent that the arbitrator ignored. The service agreements state that, "[i]f we don't receive payment in full when due, we may, to the extent permitted by law, charge a late fee up to 1 ½ percent a month (18 percent annually)[.]" The arbitrator interpreted this provision of the service *Page 11 
agreements and awarded $46,930.02[4] in interest to Appellee. Absent any legal precedent that conflicts with this interpretation, we are bound to accept it. Hillsboro, supra.
 {¶ 21} Inasmuch as Appellant fails to cite any of the grounds set forth in Section 10 of the Federal Arbitration Act in support of his objections to the motion to confirm and because Appellant has failed to establish that the arbitrator's award flies in the fact of any legal precedent, the arbitrator's award was not arbitrary, capricious, or unlawful and the trial court properly confirmed the arbitrator's award.
 {¶ 22} Each of Appellant's assignments of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal. We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into *Page 12 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
WHITMORE, J. CONCURS
[1] This action began when Appellant filed an action in state court to enforce the service agreements. Appellee removed the action to federal court and filed a counterclaim against Appellant for unpaid services. The arbitration was ordered by the United States District Court for the Northern District of Ohio after it found the arbitration provisions of the service agreements requiring arbitration before the American Arbitration Association to be enforceable.
[2] The arbitration provisions provided that a final arbitration award could be confirmed in any court of competent jurisdiction.
[3] The Ohio Arbitration Act has virtually identical grounds for vacating an award as does the Federal Arbitration Act, which applies to any disputes related to the service agreements at issue here. See,Envtl. Consulting Group, Inc. v. Swank (Sept. 17, 1998), 8th Dist. No. 74123, at 4-5.
[4] We note that the arbitrator's award does not indicate that the interest was calculated at the rate of 18%, but neither party disputes that this is the case.