Moore, Judge
dissenting.
{¶ 41} I respectfully dissent, as I would conclude that the arbitrator’s award draws its essence from the collective-bargaining agreement. I believe that the majority’s technical interpretation of the collective-bargaining agreement is a fair interpretation. However, it fails to give the arbitrator’s award the appropriate level of deference.
{¶ 42} Because arbitration is favored as an alternative method of dispute resolution, we encourage its practice and give the decision of the arbitrator a great deal of deference so long as the award “draws its essence” from the collective-bargaining agreement. Technigraphics, Inc. v. MIT, L.L.C., 9th Dist. No. 09CA0005, 2010-Ohio-2946, 2010 WL 2560087, at ¶ 9, 15. “An arbitrator’s *163 award departs from the essence of a collective bargaining agreement when: (1) the award conflicts with the express terms of the agreement, and/or (2) the award is without rational support or cannot be rationally derived from the terms of the agreement.” Ohio Office of Collective Bargaining v. Ohio Civil Serv. Emps. Assn. (1991), 59 Ohio St.3d 177, 572 N.E.2d 71, syllabus.
{¶ 43} This court has, when reviewing a trial court’s ruling upholding an arbitrator’s decision, said:
[W]hen a provision in an agreement is subject to more than one interpretation, and the parties have agreed to submit their contract interpretation disputes to final and binding arbitration, the arbitrator’s interpretation of the contract, and not the interpretation of a reviewing court, governs the rights of the parties. * =i= :i= «rpbis js g0 because the arbitrator’s interpretation of the contract is what the parties bargained for in agreeing to submit their disputes to final and binding arbitration. The arbitrator’s interpretation must prevail regardless of whethér his or her interpretation is the most reasonable under the circumstances.”
Cty. of Summit v. Cuyahoga Falls, 9th Dist. No. 21799, 2004-Ohio-1879, 2004 WL 785468, at ¶ 10, quoting Hillsboro v. Fraternal Order of Police, Ohio Labor Council, Inc. (1990), 52 Ohio St.3d 174, 177-178, 556 N.E.2d 1186.
{¶ 44} In fact, the Supreme Court of Ohio has stated that “ ‘if the reasoning (of an arbitrator) is so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling, then the Court can strike down the award.’ ” Goodyear Tire & Rubber Co. v. Local Union No. 200, United Rubber, Cork, Linoleum & Plastic Workers of Am. (1975), 42 Ohio St.2d 516, 523, 330 N.E.2d 703, quoting Safeway Stores v. Am. Bakery & Confectionery Workers, Local 11 (C.A.5, 1968), 390 F.2d 79, 82.
{¶ 45} Under the facts of this case, I believe that a judge, or group of judges, could reach the conclusion that the arbitrator’s interpretation of the collective bargaining agreement drew its essence from the agreement. Accordingly, I respectfully dissent.