[Cite as *Massillon Firefighters IAFF Local 251 v. Massillon*, 2012-Ohio-4729.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MASSILLON FIREFIGHTERS IAFF LOCAL 251 | JUDGES: Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. |
|     Appellant | Hon. Julie A. Edwards, J. |
| -vs- | Case No. 2012CA00033 |
| CITY OF MASSILLON, OHIO | O P I N I O N |
|     Appellee | |

CHARACTER OF PROCEEDING:    Appeal from the Stark County Common Pleas Court, Case No. 2011CV00900

JUDGMENT:    Reversed and Final Judgment Entered

DATE OF JUDGMENT ENTRY:    October 9, 2012

APPEARANCES:

For Appellant

DENNIS HAINES
CHARLES W. OLDFIELD
GREEN HAINES SGAMBATI, CO., L.P.A.
P.O. Box 849
Youngstown, Ohio 44501

For Appellee

JOHN H. SIMPSON
Chief Prosecutor/Assistant Law Director
Two James Duncan Plaza
Massillon, Ohio 44646

*Hoffman, P.J.*

{¶1}   Appellant Massillon Firefighters IAFF Local 251 appeals the January 17, 2012 Judgment Entry entered by the Stark County Court of Common Pleas in favor of Appellee City of Massillon.

STATEMENT OF THE FACTS AND CASE

{¶2}   The parties herein entered into a collective bargaining agreement ("CBA"), effective November 14, 2005 through November 9, 2008.

{¶3}   In September of 2006, Firefighter Ronald Sattler filed a grievance as an individual regarding the City of Massillon's calculation of sick leave.  The Sattler Grievance proceeded to arbitration with the arbitrator ruling in Sattler's favor and issuing an award requiring the City to make Sattler whole, and further ordering the City to "cease and desist charging members of the bargaining unit 9.6 hours of sick leave for days they [were] absent from work as well as days they were not scheduled to work."

{¶4}   Initially, the City failed to comply with the Sattler award, and Massillon Firefighters IAFF Local 251 ("Union") filed a grievance under the terms of the CBA, with, James J. Thieret being the named grievant. The grievance sought compensation for sick time the City incorrectly and improperly deducted from the sick leave bank of all the Union's members, as well as, compliance with the Sattler award.

{¶5}   On March 26, 2010, the arbitrator rejected the City's position the argument was barred based upon the principles of res judicata and collateral estoppel, and ordered the matter proceed to an arbitration hearing on the merits of the Thieret Grievance filed by the Union as a policy grievance.  An arbitration hearing was held on

November 30, 2010. The arbitrator sustained the Thieret Grievance, ruling in favor of the Union.

{¶6} On March 17, 2011, the city of Massillon filed a complaint in the Stark County Court of Common Pleas to vacate the award, and the Union filed an answer and counterclaim to confirm the award.

{¶7} The Union filed a motion in support of its application to confirm the arbitration award. The City filed a motion for summary judgment, supported by affidavits of two City employees. The Union moved to strike the affidavits. The trial court denied the Union's motion to strike.

{¶8} Via Judgment Entry of January 17, 2012, the trial court granted the City's motion to vacate the award, and denied the Union's application to confirm the same.

{¶9} The Union now appeals, assigning as error:

{¶10} "I. THE TRIAL COURT ERRED WHEN IT GRANTED THE CITY'S MOTION TO VACATE THE ARBITRATION AWARDS.

{¶11} "II. THE TRIAL COURT ERRED WHEN IT DENIED THE UNION'S MOTION TO STRIKE THE AFFIDAVITS OF CITY EMPLOYEES."

{¶12} Initially, we note, a transcript of the proceedings herein does not exist; however, we find a transcript of the proceedings is not necessary to our resolution of the within appeal as the issues may be decided from the record presented.

{¶13} The trial court's January 17, 2012 Judgment Entry reads,

{¶14} "In conclusion, the Court finds that Defendant's claim is barred by res judicata. The Sattler Grievance and the Thieret Grievance are almost exactly the same. The difference between the two grievances is merely the remedy being requested. The

Sattler Grievance requested a remedy for an individual since it was filed as an individual grievance. The Thieret Grievance seeks a remedy for the entire union since it has been filed as a policy grievance.***"

{¶15} The CBA provides at ARTICLE 14- GRIEVANCE PROCEDURE

{¶16} "SECTION 4:

{¶17} "***

{¶18} "OPTION 1

{¶19} "***

{¶20} "c. ***The question of arbitrability of a grievance may be raised by either party before the arbitration hearing of the grievance in a separate hearing, on the grounds the matter is non-arbitrable or beyond the arbitrator's jurisdiction. The first question to be placed before the arbitrator will be whether or not the alleged grievance is arbitrable. If the arbitrator determines that the grievance is within the purview of arbitrability, the alleged grievance will be heard in a separately scheduled hearing on its merits before the same arbitrator. The award shall be final and binding upon the parties, except that awards of more than ten thousand dollars ($10,000.00) shall be referred to Massillon City Council or the Courts."

{¶21} Here, in response to the Union's request for arbitration on the merits of the grievance, the City demanded a bifurcated hearing as to the issue of arbitrability. Via Opinion of July 20, 2008, the arbitrator determined the Thieret Grievance was timely, but the parties failed to comply with the steps of the grievance process. After further proceedings, on March 26, 2010, the arbitrator issued a decision finding the Thieret Grievance not barred by the doctrine of res judicata.

**{¶22}** Ohio courts give deference to arbitration awards and presume they are valid." *Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn.* (1990), 49 Ohio St.3d 129, 551 N.E.2d 186, paragraph one of the syllabus, superseded by statute on other grounds as stated in *Cincinnati v. Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Employees., AFL-CIO* (1991), 61 Ohio St.3d 658, 576 N.E.2d 745. "A trial court's review [of an arbitration award] is rather limited as it is precluded from reviewing the actual merits upon which the award was based." *Cty. of Summit v. City of Cuyahoga Falls,* 9th Dist. No. 21799, 2004-Ohio-1879, at ¶ 7. Further, "an appellate court may only review the *lower court's order* to discern whether an error occurred as a matter of law." *Lauro* at ¶ 7. "The original arbitration proceedings are not reviewable." (Emphasis added) (Citation and quotation omitted.) *Id.* "[M]ere error in the interpretation or application of the law will not suffice to vacate an arbitration award." (Internal quotations and citations omitted.) *Cty. of Summit* at ¶ 7. The arbitrator is *the final judge of both law and fact. Goodyear Tire & Rubber Co. v. Local Union No. 200, United Rubber, Cork, Linoleum and Plastic Worker's of America,* 42 Ohio St.2d 516 (1975) (Emphasis added). Even a grossly erroneous decision is binding in the absence of fraud. Id.

**{¶23}** Pursuant to R.C. 2711. 10, the court of common pleas shall vacate an arbitration award if any of the following apply:

**{¶24}** "(A) The award was procured by corruption, fraud, or undue means.

**{¶25}** "(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

**{¶26}** "(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and

material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

**{¶27}** "(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

**{¶28}** In *Hogue v. Sadler*, Fifth Dist. No. 03CA13, 2004-Ohio-6132, this Court cited the following:

**{¶29}** "Our judicial review of the arbitration award is limited:

**{¶30}** "'Arbitration of the modification clause, as of other contract clauses, can be effective only to the extent that the arbitrator's decision is conclusive on the parties, where the arbitration is properly and fairly conducted. Were the arbitrator's decision to be subject to reversal because a reviewing court disagreed with findings of fact or with an interpretation of the contract, arbitration would become only an added proceeding and expense prior to final judicial determination. This would defeat the bargain made by the parties and would defeat as well the strong public policy favoring private settlement of grievance disputes arising from collective bargaining agreements.

**{¶31}** "'Ohio's statutory scheme in R.C. 2711.10 thus limits judicial review of arbitration to claims of fraud, corruption, misconduct, an imperfect award, or that the arbitrator exceeded his authority.

**{¶32}** "* * *

**{¶33}** "'At common law, the courts have almost uniformly refused to vacate an arbitrator's award because of an error of *law or fact.* It has been held that the arbitrator is the final judge of both law and facts, and that an award will not be set aside except

upon a clear showing of fraud, misconduct or some other irregularity rendering the award unjust, inequitable, or unconscionable. (*Allstate Ins. Co. v. Fioravanti* (1973), 451 Pa. 108, 299 A.2d 585), and that even a grossly erroneous decision is binding in the absence of fraud.* * * '*Goodyear Tire & Rubber Co. v. Local Union No. 200, United Rubber, Cork, Linoleum and Plastic Workers of America* (1975), 42 Ohio St.2d 516, 330 N.E.2d 703. (Emphasis Added.)"

**{¶34}** Upon review of the record, we find the evidence does not demonstrate evident partiality or corruption on the part of the arbitrators. The CBA itself provided a mechanism by which the parties could submit the issue of arbitrability. Therefore, the arbitrator drew his authority to determine the issue from the essence of the contract itself.

**{¶35}** In this matter, the arbitrator determined the Sattler Grievance and the Thieret Grievance involved different issues; therefore, the Thieret Grievance filed by the Union was not barred under the doctrine of res judicata. However, the trial court determined the arbitrator erred as a matter of law, finding the grievances were essentially the same; therefore, the Union's grievance was barred by res judicata. Assuming arguendo the arbitrator erred as a matter of law in determining the grievances were not based upon the same issues and the Union's grievance should have been barred by res judicata, we conclude the trial court was without authority to set aside or vacate the arbitrator's decision based upon the presumed error of law.

**{¶36}** The first assignment of error is sustained.

II.

{¶37} Based upon our disposition of the first assignment of error, we find the second assignment of error moot.

{¶38} The judgment of the Stark County Court of Common Pleas is reversed, and the arbitration award is hereby confirmed.

By: Hoffman, P.J.

Farmer, J. and

Edwards, J. concur

                                          s/ William B. Hoffman
                                          HON. WILLIAM B. HOFFMAN

                                          s/ Sheila G. Farmer
                                          HON. SHEILA G. FARMER

                                          s/ Julie A. Edwards
                                          HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

MASSILLON FIREFIGHTERS IAFF :
LOCAL 251 :
 :
  Appellant :
 :
-vs- :  JUDGMENT ENTRY
 :
CITY OF MASSILLON, OHIO :
 :
  Appellee :  Case No. 2012CA00033

For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas is reversed, and the arbitration award is hereby confirmed. Costs to the City of Massillon.

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN

s/ Sheila G. Farmer
HON. SHEILA G. FARMER

s/ Julie A. Edwards
HON. JULIE A. EDWARDS