[Cite as *Ward v. Ohio State Waterproofing*, 2012-Ohio-4432.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JAMES WARD, et al.

    Appellees

    v.

OHIO STATE WATERPROOFING, et al.

    Appellants

C.A. No.     26203

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2010-10-6692

DECISION AND JOURNAL ENTRY

Dated: September 28, 2012

WHITMORE, Presiding Judge.

{¶1} Defendant-Appellant, Ohio State Waterproofing ("OSW"), appeals from a judgment of the Summit County Court of Common Pleas denying its motion to vacate an arbitration award. This Court reverses and remands.

I

{¶2} Plaintiff-Appellees, James and Brandi Ward ("the Wards"), were experiencing flooding in the basement of their home. The Wards contacted OSW to inspect their basement and to make recommendations on how to resolve the water problem. In September 2008, based on OSW's recommendations, the Wards entered into a contract with OSW. OSW was to install several products in exchange for $12,870. OSW completed its work pursuant to the contract, but the Wards' water problem persisted. Despite OSW performing several warranty repairs in 2009, the Wards were still experiencing flooding in their basement. In January 2010, the Wards requested OSW refund the contract price, but no refund was made.

{¶3}    The Wards discovered that in 2007, Springfield Township had hired Butcher and Sons, Inc. to demolish a building on the lot adjacent to the Wards.  In the spring of 2010, at the request of the Wards, Springfield Township discovered the source of the Wards' water problems was a broken water line buried on the adjacent property.  The Wards did not experience any water problems after the water line was fixed.

{¶4}    In October 2010, the Wards filed a complaint against OSW for breach of contract, and against Springfield Township and Butcher and Sons, Inc. for damages.  OSW filed a motion to compel arbitration, citing an arbitration clause in the contract signed by the Wards.  Ultimately, the Wards and OSW agreed to binding arbitration and the court stayed the matter and referred them to arbitration.

{¶5}    The arbitrators found OSW had breached its contract with the Wards and awarded them the contract price plus interest and attorney's fees.  On September 26, 2011, the trial court issued two orders: (1) reinstating the case to the active docket, and (2) adopting the arbitrators' report and award as a judgment of the court.  On that same day, OSW filed a motion to vacate the arbitrators' award.  On November 8, 2011, the trial court denied OSW's motion to vacate the award.  OSW now appeals and raises one assignment of error for our review.

II

Assignment of Error

OSW'S MOTION TO VACATE ARBITRATION AWARD WAS DENIED IN ERROR BECAUSE THE ARBITRATORS ALLOWED THE APPELLEES, JAMES AND BRANDI WARD (HEREINAFTER "WARD"), TO INTRODUCE EVIDENCE NOT DISCLOSED TO OSW IN DISCOVERY; DID NOT PERMIT OSW'S INSPECTOR TO TESTIFY ABOUT HIS CONVERSATIONS WITH THE WARDS WITH REGARD TO THE SERVICES THAT WOULD BE PERFORMED BY OSW AND; AND (sic) THE ARBITRATORS EVIDENT MISTAKE MADE THE AWARD UNJUST AND/OR UNCONSCIONABLE ALL IN CONTRAVENTION OF OHIO REVISED CODE § 2711.10 WHICH STATES THAT AN ARBITRATION AWARD SHOULD BE VACATED IF: 1)

THE AWARD WAS PROCURED BY CORRUPTION, FRAUD, OR UNDUE MEANS; 2) THERE IS EVIDENT PARTIALITY OR CORRUPTION ON THE PART OF THE ARBITRATORS, OR ANY OF THEM; 3) THE ARBITRATORS WERE GUILTY OF MISCONDUCT IN REFUSING TO POSTPONE THE HEARING, UPON SUFFICIENT CAUSE SHOWN, OR IN REFUSING TO HEAR EVIDENCE PERTINENT AND MATERIAL TO THE CONTROVERSY; OR OF ANY OTHER MISBEHAVIOR BY WHICH THE RIGHTS OF ANY PARTY HAVE BEEN PREJUDICED; OR 4) THE ARBITRATORS EXCEEDED THEIR POWERS, OR SO IMPERFECTLY EXECUTED THEM THAT A MUTUAL, FINAL, AND DEFINITE AWARD UPON THE SUBJECT MATTER SUBMITTED WAS NOT MADE.

{¶6} In its sole assignment of error, OSW argues that the trial court erred when it denied its motion to vacate the arbitration award. We do not reach the merits of its argument because the court did not consider all of the issues raised by OSW.

{¶7} "Ohio courts give deference to arbitration awards and presume they are valid." *Lowe v. Oster Homes*, 9th Dist. No. 05CA008825, 2006-Ohio-4927, ¶ 6, citing *Findlay City School Dist. Bd. of Educ. v. Findlay Educ. Assn.*, 49 Ohio St.3d 129 (1990), paragraph one of the syllabus, *superseded by statute on other grounds*, 61 Ohio St.3d 658 (1991). "When parties agree to binding arbitration, they agree to accept the result and may not relitigate the facts as found by the arbitrator." *New Par v. Misuraca*, 9th Dist. No. 06CA009060, 2007-Ohio-3300, ¶ 4, quoting *Bennett v. Sunnywood Land Dev., Inc.,* 9th Dist. No. 06CA0089-M, 2007-Ohio-2154, ¶ 9.

{¶8} OSW filed a motion to compel arbitration based on an arbitration clause in the contract signed by the Wards. The court scheduled a hearing on the motion, but the parties agreed, prior to the hearing, to participate in binding arbitration. The court ordered the matter stayed, and referred OSW and the Wards to arbitration. Because the parties agreed to binding arbitration, they have waived the right to a de novo review of the merits. *See New Par*, 2007-Ohio-3300, at ¶ 4.

{¶9} After arbitration is complete, the court of common pleas has "no jurisdiction except to confirm, vacate, modify, or enforce the award and only on terms provided by statute * * *." *Lockhart v. American Reserve Ins. Co.*, 2 Ohio App.3d 99, 101 (8th Dist.1981). Appellate review is limited to those orders a common pleas court has issued pursuant to R.C. Chapter 2711. *Warren Educ. Assn. v. Warren City Bd. of Educ.*, 18 Ohio St.3d 170, 173 (1985). "The substantive merits of the original arbitration award are not reviewable on appeal." *Lockhart* at 99. *Accord Warren City Bd. of Educ.* at 173.

{¶10} OSW raised three arguments in its motion to vacate the arbitration award. First, the arbitrators erred in admitting evidence that was not disclosed during discovery. Second, the arbitrators erred in not allowing OSW inspector, Rick Shaneyfelt, to testify. Third, the arbitrators erred in their findings of fact, which resulted in an unjust and unconscionable award. While the trial court addressed the first two issues, it failed to address the third. This Court will not consider the issue in the first instance. *Neura v. Goodwill*, 9th Dist. No. 11CA0052-M, 2012-Ohio-2351, ¶ 19. Accordingly, we remand the case for the trial court to consider OSW's third argument.

III

{¶11} Appellant's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed consistent with the foregoing opinion and the cause is remanded for further proceedings.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

---

BETH WHITMORE
FOR THE COURT

CARR, J.
BELFANCE, J.
CONCUR.

APPEARANCES:

MICHAEL C. DEJOHN, Attorney at Law, for Appellant.

ESTELLE D. FLASCK, Attorney at Law, for Appellees.