[Cite as *Rubber City Arches Graham, L.L.C. v. Joe Sharma Properties, L.L.C.*, 2013-Ohio-1773.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

RUBBER CITY ARCHES GRAHAM, LLC

    Appellee/Cross-Appellant

v.

JOE SHARMA PROPERTIES, LLC., et al.

    Appellants/Cross-Appellees

C.A. No.     26557

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2011-04-2137

DECISION AND JOURNAL ENTRY

Dated: May 1, 2013

WHITMORE, Judge.

**{¶1}** Appellants/Cross-Appellees, Joe Sharma Properties, L.L.C. and Joseph Sharma (collectively, "Sharma"), appeal from the judgment of the Summit County Court of Common Pleas. Additionally, Appellee/Cross-Appellant, Rubber City Arches Graham, L.L.C. ("Rubber City"), cross-appeals from the trial court's judgment. This Court reverses.

I

**{¶2}** In 1974, Gaylia Medley leased one of her two adjoining lots to the Blake Brothers Company ("Blake Brothers") for them to build and operate a Friendly's Restaurant. Under its original terms, the lease would expire on May 31, 2016. In the lease, Medley granted Blake Brothers, "its customers, employees and all those having business with it to use for parking purposes and for entrance to and also egress from its leased premises all parking spaces, entrances, exits, driveways and rights of way from time to time located on or appurtenant to the

[adjoining] parcel [owned by Medley]." The parties also memorialized this in a separate document entitled a "Driveway License Agreement."

**{¶3}** Sometime thereafter, Medley sold the adjoining parcel to a Jessie Tucker, and, in 1982, Sharma purchased the parcel from Tucker's estate. Sharma was aware of the Driveway License Agreement at that time. In 2004, Blake Brothers assigned the lease to JEMM Restaurants, Inc. ("JEMM"). Medley and JEMM then amended the lease, giving JEMM the option of extending the lease to 2026, an additional ten years.

**{¶4}** In 2010, Medley sold the leased parcel to Rubber City. In 2011, JEMM assigned the lease to Rubber City Arches, L.L.C., a company related to Rubber City.

**{¶5}** In April 2011, Rubber City filed a complaint against Sharma for, among other things, a declaratory judgment of an implied or prescriptive easement over a portion of Sharma's property. The trial court concluded that the lease agreement was validly extended and that the Driveway Lease Agreement remained binding on Sharma as long as the lease agreement remained in effect.

**{¶6}** Sharma now appeals and raises a single assignment of error for our review. Additionally, Rubber City appeals and raises one assignment of error.

II

Sharma's Assignment of Error

THE TRIAL COURT ERRED IN DETERMINING THAT THE STRIP MALL PARCEL IS SUBJECT TO THE TERMS OF THE FRIENDLY'S LEASE AND DRIVEWAY LICENSE AGREEMENT SO LONG AS THE FRIENDLY'S LEASE REMAINS IN EFFECT.

**{¶7}** In its sole assignment of error, Sharma argues that "the trial court [erred when it] implicitly found the existence of an easement." Because it is not clear from the trial court's

judgment that it considered Sharma's argument that a license existed instead of an easement, we reverse and remand.

{¶8} This Court remains a reviewing court. As such, this Court will not consider issues in the first instance. *See Harris-Coker v. Abraham*, 9th Dist. No. 26053, 2012-Ohio-4135, ¶ 4.

{¶9} Rubber City sought a declaratory judgment on a prescriptive and an implied easement. It did not plead the existence of an express easement contained in the Friendly's lease and in the separate Driveway License Agreement. However, Sharma never objected when this theory was raised during discovery. Instead, Sharma chose to argue that the Driveway License Agreement merely provided a license and not an easement, or, in the alternative, the easement was terminated because Rubber City had failed to provide the required maintenance.

{¶10} At trial, Rubber City presented testimony from Michael Waiwood, an expert in the field of title examination. Waiwood acknowledged that the Driveway License Agreement was labeled as a license, but opined that the document was really an easement. Waiwood testified that specific words are not required to create an easement as long as the intent of the parties is clear. Neither party presented testimony regarding the intent of the parties as to the Driveway License Agreement.

{¶11} The court included extensive findings of facts and conclusions of law in its judgment entry. However, the court did not discuss whether the Driveway License Agreement created a license or an easement. Instead, the court summarily concluded that the lease was still valid and that the Driveway License Agreement remained binding on Sharma as long as the lease remained in effect.

{¶12} After the court concluded that the lease was still valid, the issue became whether the Driveway License Agreement created a license or an easement. Based on the judgment

entry, we cannot conclude that the trial court considered this issue. This Court has consistently refused to consider issues in the first instance. *See Ward v. Ohio State Waterproofing*, 9th Dist. No. 26203, 2012-Ohio-4432, ¶ 10. Accordingly, we remand the case for the trial court to consider Sharma's argument that the Driveway License Agreement is a license and not an easement. Sharma's assignment of error is sustained on that basis.

<u>Rubber City's Assignment of Error</u>

THE TRIAL COURT ERRED IN DETERMINING THAT A CLEAR DAMAGE AMOUNT RESULTING FROM CROSS-APPELLEE'S TRESPASS WAS NOT ESTABLISHED AT TRIAL.

**{¶13}** In its sole assignment of error, Rubber City argues that the "trial court's finding that [it] did not establish its damages is against the manifest weight of the evidence." Based on our resolution of Sharma's assignment of error, Rubber City's assignment of error is not ripe for consideration. *See Wizards of Plastic Recycling L.L.C. v. R & M Plastic Recycling L.L.C.*, 9th Dist. No. 25951, 2012-Ohio-3672, ¶ 25.

III

**{¶14}** Sharma's assignment of error is sustained and Rubber City's assignment of error is not ripe for consideration. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee/Cross-Appellant.

_____
BETH WHITMORE
FOR THE COURT


MOORE, P. J.
BELFANCE, J.
CONCUR.


APPEARANCES:

CAROLINE L. MARKS, Attorney at Law, for Appellants/Cross-Appellees.

CHRISTOPHER F. SWING, Attorney at Law, for Appellants/Cross-Appellees.

JOHN MONROE and ANTHONY COYNE, Attorneys at Law, for Appellee/Cross-Appellant.