[Cite as *Kick v. Smithville W. Care Ctr.*, 2013-Ohio-2034.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| COUNTY OF WAYNE | )ss:<br>) | NINTH JUDICIAL DISTRICT |

KATHRYN KICK

    Appellant

    v.

SMITHVILLE WESTERN CARE
CENTER, et al.

    Appellees

C.A. No.    12CA0032

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    12-CV-0124

DECISION AND JOURNAL ENTRY

Dated: May 20, 2013

HENSAL, Judge.

{¶1} Kathryn Kick, personal representative of the estate of Alice Ritzi, appeals a judgment of the Wayne County Common Pleas Court that granted Smithville Western Care Center's (hereinafter "the care center" or "the center") motion to stay proceedings and compel/enforce arbitration. For the following reasons, this Court reverses.

I.

{¶2} According to Ms. Kick, Ms. Ritzi was a resident of the care center when one or more of its employees dropped her while they were attempting to transfer her with a Hoyer lift. The fall broke Ms. Ritzi's hip, which led to her death a couple of weeks later. As Ms. Ritzi's personal representative, Ms. Kick filed a complaint against the care center, Smithville Western Care, Inc., CMS & Co. Management Services, Inc., Sprenger Retirement Centers, Bluesky Healthcare, Inc., Sprenger Enterprises, Inc., Grace Management Services, Inc., Infinity Health

Care, LLC, Therapy Partners, Inc., Wallace Management Corp., and numerous John Does, pursuing both survivorship and wrongful death claims.

{¶3} Before filing its answer, the care center and several other, allegedly related, defendants filed a motion to stay the proceedings and enforce an arbitration provision that was in Ms. Ritzi's residency agreement. According to the care center, at the time Ms. Ritzi was admitted, Ms. Kick signed an agreement as Ms. Ritzi's personal representative, in which she agreed to resolve any disputes that she or Ms. Ritzi might have against the center or its affiliates through binding arbitration. Ms. Kick opposed the care center's motion, arguing that the arbitration provision did not apply to the estate's wrongful death claims. She also argued that the arbitration provision was not binding on Ms. Ritzi's beneficiaries, that the residency agreement was not properly authorized, that the only defendant who was a party to the agreement was Smithville Western, Inc., that the arbitration provision was void under Revised Code Section 3721.13, that the arbitration provision was procedurally and substantively unconscionable, and that the residency agreement violated Section 1396r of Title 42 of the United States Code.

{¶4} Following a reply brief by the care center and a sur reply brief by Ms. Kick, the trial court granted the motion to stay. It determined that Ms. Kick had authority to enter into the arbitration agreement on behalf of Ms. Ritzi and that the arbitration provision was not procedurally or substantively unconscionable. Ms. Kick has appealed, assigning four errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING THE SPRENGER DEFENDANTS' MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION BECAUSE THE HEALTH CARE CENTER RESIDENCY AGREEMENT AT ISSUE, BY ITS OWN TERMS, TERMINATED UPON ALICE RITZI'S DEATH. THEREFORE, THE TRIAL COURT SHOULD NOT

HAVE GIVEN ANY EFFECT TO THE ARBITRATION CLAUSE CONTAINED WITHIN THAT AGREEMENT.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING THE SPRENGER DEFENDANTS' MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION AND STAYING ALL PROCEEDINGS BECAUSE THE HEALTH CARE RESIDENCY AGREEMENT AND ITS ARBITRATION CLAUSE DO NOT APPLY TO PLAINTIFF'S WRONGFUL DEATH CLAIMS. THE TRIAL COURT SHOULD NOT HAVE STAYED PROCEEDINGS ON PLAINTIFF'S WRONGFUL DEATH CLAIMS AGAINST ANY OF THE DEFENDANTS.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN GRANTING THE SPRENGER DEFENDANTS' MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION AND STAYING ALL PROCEEDINGS BECAUSE EACH DEFENDANT WAS NOT A PARTY TO THE HEALTH CARE CENTER RESIDENCY AGREEMENT. THE TRIAL COURT SHOULD NOT HAVE STAYED PROCEEDINGS ON PLAINTIFF'S SURVIVAL CLAIMS AGAINST THE DEFENDANTS WHO WERE NOT PARTIES TO THE AGREEMENT.

{¶5} In her first assignment of error, Ms. Kick argues that, because the residency agreement provided that it terminated "upon the death of the Resident," any claims that she filed after Ms. Ritzi's death were not subject to the arbitration provision. In her second assignment of error, Ms. Kick argues that, under Ohio law, a survival action for a decedent's own injuries is a separate cause of action from a wrongful death action brought by the decedent's heirs. Accordingly, she maintains that, just because Ms. Ritzi may have agreed to arbitrate her own claims against the care center, it does not mean that her heirs' wrongful death claims are also subject to arbitration. In her third assignment of error, Ms. Kick argues that, since Smithville Western, Inc. was the only defendant that was a party to the residency agreement, it is the only one that can seek to enforce the arbitration provision.

{¶6} Although Ms. Kick raised each of the above arguments before the trial court, the court did not address any of them in its decision. This Court will not consider the issues in the first instance. *See Ward v. Ohio State Waterproofing*, 9th Dist. No. 26203, 2012-Ohio-4432, ¶ 10. We, therefore, conclude that this matter must be remanded to the trial court so that it may consider the arguments Ms. Kick made regarding whether the arbitration provision survived Ms. Ritzi's death, whether the arbitration provision does not apply to Ms. Ritzi's heirs' wrongful death claims, and whether the defendants who were not a party to the residency agreement can enforce the arbitration provision. *Id*. Ms. Kick's first, second and third assignments of error are sustained.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN GRANTING THE SPRENGER DEFENDANTS' MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION BECAUSE THE ARBITRATION CLAUSE CONTAINED IN THE HEALTH CARE CENTER RESIDENCY AGREEMENT AT ISSUE IS PROCEDURALLY AND SUBSTANTIVELY UNCONSCIONABLE.

{¶7} In her fourth assignment of error, Ms. Kick argues that the trial court incorrectly determined that the arbitration provision is not procedurally and substantively unconscionable. We note that, in light of our resolution of the other assignments of error, this issue may become moot if the trial court resolves those issues in Ms. Kick's favor. Accordingly, we decline to address Ms. Kick's unconscionability arguments because they are premature at this time. *See Johnsen v. Johnsen*, 9th Dist. No. 16023, 1993 WL 392077, *2 (Oct. 6, 1993). Ms. Kick's fourth assignment of error is overruled.

III.

{¶8} The trial court did not consider all of the arguments that Ms. Kick made in opposition to the care center's motion to stay proceedings and compel/enforce arbitration. The

judgment of the Wayne County Common Pleas Court is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

JENNIFER HENSAL
FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

BLAKE A. DICKSON and MARK D. TOLLES, Attorneys at Law, for Appellant.

LESLIE M. JENNY, Attorney at Law, for Appellee.